## HATCH *vs.* SPOFFORD.

The exception in the statute of limitations, which, in computing the time within which an action of account must be brought, excludes " the time, during which the party, against whom there may be any such cause of action, shall be without the state," (Rev. Stat. tit. 29, § 8, p. 649,) is applicable where the cause of action arose in another state, within which both parties then resided, and so continued to reside, until after such action was brought.

THE declaration, in the above entitled action, alleged that the defendant was the bailiff and partner of the plaintiff, from March 22d, 1819, to November 1, 1852. The defendant having filed a plea in abatement of the plaintiff's writ, that plea was, by the superior court, in accordance with the advice of this court, (see 22 Conn. R., 486,) adjudged to be insufficient. The defendant thereupon pleaded in bar several pleas, the fifth of which was the statute of limitations, and alleged that there was no open, or current account, between the plaintiff and defendant, within six years next before the commencement of the plaintiff's suit.

Replication to this plea, alleging that, for four years of the six, next before the commencement of the suit, the defendant was without the state. In his rejoinder, the defendant averred, that any supposed matter of account and cause of action, of which the plaintiff complained, arose in the state of New York, and that always since they so arose, both plaintiff and defendant had resided and dwelt, and still resided and dwelt in said state, and that the defendant at no time had had any property in the state of Connecticut.

To this rejoinder, the plaintiff demurred, and the court thereupon reserved the questions of law, arising upon the record, for the advice of this court.

*Baldwin,* and *R. I. & C. R. Ingersoll,* and *Beach,* for the plaintiff.

I. That the cause of action, accrued in the state of New

Hatch v. Spofford.

York, cannot affect the question raised by the pleadings in this case.

Remedies upon contracts are to be regarded and pursued according to the law of the place where the action is instituted. Ang. on Limit., § 65. *Nash* v. *Tupper*, 1 Cai., 402. *Pearsal* v. *Dwight*, 2 Mass., 84.

The time, mode, and extent of the remedy is governed exclusively by the *lex fori*. *Middlebury* v. *Hopkins*, 3 Conn. R., 473. *Woodbridge* v. *Wright*, 3 Conn. R., 527. *Atwater* v. *Townsend*, 4 Conn. R., 48.

II. That the plaintiff is a citizen of New York cannot affect his rights. By the constitution of the United States, and by the comity of all civilized nations, recognized by countless decisions in our own and sister states, a citizen of one state has the right to prosecute his suit in the courts of another state, if his suit comes within their jurisdiction.

III. That the defendant is a citizen of New York, and was out of this state when the cause of action accrued, and so remained until within two years of the bringing of the suit, will not prevent his absence from being excluded from the computation. 1. The language of our statute makes no exception in favor of such absence. It is imperative that the time, during which a defendant shall be without this state, shall be excluded from the computation. 2. Where the language used in statutes of limitations is much less clear in this particular than in ours, it has been held to apply to foreigners, and to citizens of other states, equally as to residents of the country or state which adopted it. 3. The word return, as applicable to an absent debtor or creditor, applies as well to persons coming from abroad, as to citizens of the country going abroad for a temporary purpose and then returning. Ang. on Lim., § 206. *Strithorst* v. *Graeme*, 3 Wil. R., 145. 4. If the statute provides that where a debtor, at the time the cause of action accrued, was out of the state, and did not leave attachable property therein, the statute will not begin to run until his return, the provision applies to persons who

have never been in the state, as well as to citizens who have been absent for a time. *Dwight* v. *Clark*, 7 Mass., 515. *Little* v. *Blunt*, 16 Pick., 359.

IV. There is no allegation in the defendant's rejoinder, that the right of action is barred by the statute of limitations in the state of New York, (or even that there is any such statute in that state,) but if the pleadings contained the allegation that the remedy was barred in that state, it would not affect the remedy sought in Connecticut. *Le Roy* v. *Crowninshield*, 2 Mason, 151. *McElmoyle* v. *Cohen*, 13 Peters, 312. *Townsend* v. *Jemison*, 9 How. S. C., 407. *Don* v. *Lipman*, 5 Clark and Fin, 1. Ang. on Lim., § 66.

V. Story, in his conflict of laws, suggests that if the "*lex loci contractus*" not only bar the remedy, but extinguishes the claim itself and declares it a nullity after the lapse of the time prescribed, and the parties are resident within the jurisdiction during the whole of that period, so that it has fully operated upon the case, the question might properly arise whether such statute of limitations may not afterward be set up, in any other country to which the parties may remove. This suggestion is predicated upon the admission that if the statute only bars the remedy, then even if both parties to the suit have resided within its jurisdiction during the prescribed period, such residence, though in "*locu contractus*," will not affect the remedy pursued in another jurisdiction. *Huber* v. *Steiner*, 2 Bing. N. C., 202. *Wynn* v. *Lee*, 5 Geo., 217.

VI. The identical question, here presented, has been repeatedly adjudicated, and with the exception of the state of New Jersey, it is believed that the decisions have been nearly, if not quite uniform, in holding that the facts, set up by the defendant in his rejoinder, are insufficient to enable him to shield himself under our statute of limitations.

Some of the authorities, cited below, go beyond the exigencies of this case and hold that where the cause of action accrued in a foreign state, and both the plaintiff and defend-

ant were residents in that state, and the period, prescribed by the laws of such state as sufficient to bar the remedy therein, had elapsed during such residence, yet the removal of the defendant, whether temporary or permanent, into another jurisdiction, prevents him from interposing such foreign residence in bar of the plaintiff's claim. *Williams* v. *Jones*, 13 East., 439. *Berger* v. *Roche*, 11 Pick., 36. *Way* v. *Sperry*, 6 Cush., 238. *Graves* v. *Wells*, 19 Verm., 178. *Ruggles* v. *Keeler*, 3 John, 263. *King* v. *Lane*, 7 Miss., 241. *Bedford* v. *Bradford*, 8 Mo., 233. *Town* v. *Bardwell*, 1 Stew. & Port., 36. *Mullen* v. *Ridgeway*, Add. R., 278. *Lavasseur* v. *Ligniez*, 1 Strobh., 326. *State Bk.* v. *Seawall*, 18 Ala., 616. *Worth* v. *Wilson*, Wright, 152. *Egbert* v. *Dibble*, 3 McLean, 86.

*Dutton*, and *White*, and *Evarts*, for the defendant.

I. The question raised by the demurrer, in this case, is one of the construction and application of the Connecticut statute of limitations. The substantive limitation of the statute operates upon the enumerated actions, without any reference to the locality, domicil, or citizenship, of the parties, to sue or to be sued. Its words, as respects the present action, are, " no action of account shall be brought but within six years next after the right of action shall accrue." Rev. Stat., tit. 31, § 3, p. 467.

1. The present action would, manifestly be suppressed by the terms of the statutory prohibition. No suitor is admitted to prosecute such an action in the state, but within six years after his right of action accrued. 2. If the suitors in this action were citizens or residents of this state, and had been so during the running of the six years limited by the statute, the courts would have been closed against the action. 3. The enquiry, then, is, whether the fact that both the suitors were citizens and residents of the state of New York, when the right of action arose, and have been such citizens

and residents, ever since the right of action arose, opens the courts of Connecticut to this litigation between strangers, against which they would have been closed, if between its own citizens or residents.

II. The maintenance of actions at all, in the courts of one state, or nation, by citizens of another, rests only upon comity; in relation to the several states of the union, however, and the citizens of each of them, the federal constitution has imposed an express obligation in this regard, declaring, " that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." Cons. U. S., Art. 4, § 2.

1. But neither comity, nor this constitutional provision, extends the rights of non-resident suitors, or increases the obligations of the courts of this state in respect to them, beyond the rights and the obligations in the case of its own citizens.

2. All the reasons, whether of public policy, or relating to the administration of private justice, which suggest the limitation of actions as between citizens or residents, apply with greater force when the parties and the cause of action both belong to a foreign jurisdiction.

If public policy requires that the courts of this state should not be burdened with controversies between its own citizens, when the indolence or delay of suitors has suffered lapse of time to obscure, pervert, or obliterate evidence, *a fortiori*, the same public policy would suppress such litigation between foreign suitors.

If the ends of private justice are not subserved by entertaining suits, wherein mere lapse of time embarrasses investigation and adjudication, *a fortiori*, the remoteness of the locality of the cause of action and of the transaction, and of the evidence involved in it, should exclude such suits from the forum. Ang. Lim. ch. 1, § § 9–11.

III. The present action can be upheld only upon the notion that the exception or proviso of the statute, which excludes

from computation, in the period of limitation, " the time during which the party, against whom there may be any such cause of action, shall be without the state," covers the case.

1. The reason and design of this exception are, that the remedy should be saved when its prosecution is prevented by the withdrawal, or absence, of the party liable to the action from the jurisdiction, under which it had its origin, or within which the party, to whom he is liable, may rightfully expect his presence.

2. The very phrase of the exception necessarily imports that, during the excepted absence, there is within this state a cause of action, which cannot be prosecuted by reason of such absence of the party liable, or a plaintiff who is delayed in his suit by the defendant's not being within this jurisdiction with himself.

3. The opposite construction of the exception thwarts the whole purpose and policy of the substantive limitation, overlooks the whole reason and design of the exception, is not called for, and is scarcely justified, by the mere words of the proviso.

IV. The construction, claimed by the defendant, is supported by authority. In this state the point has never been adjudicated, but, that the words of the exception must be construed, not literally, but according to the reason of the provision, has, on another point, been adjudicated. *Sage* v. *Hawley,* 16 Conn. R., 106. In New Jersey, upon very full consideration, the point has been repeatedly adjudged. *Beardsley* v. *Southmayd,* 3 Green's R., 171. *Howe* v. *Lawrence,* 1 Zabriskie, 714. The cases in the English books and in Massachusetts are inapplicable, as the statute under which respectively the decisions were made, makes the absence of the plaintiff, or creditor, from the jurisdiction, an exception to the running of the statute. *Lafonde* v. *Ruddock,* 24 Law & Eq. R., 239. *Bulger* v. *Roche,* 11 Pick., 36. *Van Hemert* v. *Porter,* 11 Met., 210. The facts, in *Bulger* v.

*Roche*, showed the non residence of both plaintiff and defendant, but the argument and decision are put upon the absence of the plaintiff. pp. 36, 40. The New York cases merely decide that statutes of limitation are part of the *lex fori*, and that a foreign statute of limitation is no bar. *Nash* v. *Tupper*, 1 Cai. R., 402. *Ruggles* v. *Keeler*, 3 Johns., 263. The cases in Maine were under a statute, which makes the absence of the plaintiff, or creditor, an exception to the running of the statute. In the New Hampshire cases the point does not arise. In the Vermont cases the point is not made. *McMillan* v. *Wood*, 29 Maine, 217. *Thibodeau* v. *Levasseur*, 36 Maine, 362. *Sissons* v. *Bicknell*, 6 N. H., 557. *Dunning* v. *Chamberlin*, 6 Verm., 127. *Graves* v. *Weeks*, 19 Verm., 178.

V. The circumstances of this case strongly illustrate the convenience, and even necessity, of the construction claimed by the defendant. 1st. To save the courts of this state from the burden and expenses of litigations between foreign parties, in cases where they would not entertain them if between citizens or residents, and where the foreign suitors would be excluded from their own domestic forum; and 2d. To save the courts of this state from becoming the instruments of oppression and vexation to visitors, on business or pleasure, within its borders.

ELLSWORTH, J. The important question, presented on this record is this; is the time of a debtor's absence from the state to be rejected, in the computation of the six years, the period of the statute of limitations, where the cause of action originated abroad, and neither party was an inhabitant, or resident of this state?

Statutes of limitation, though originating in a truly wise and just administration of the law, are mostly in their exact provisions or exceptions, of a technical and arbitrary character, and are therefore to be construed and applied, according to the exact and specific language of the enactments,

and not upon any supposed general and abstract principles of equity. Courts may not extend them to cases, because they seem to be of an analagous character. It has often been held not to be enough for the court to be persuaded that the legislature would, undoubtedly, have made further provisions, so as to embrace the particular case, if their attention had been called to it. Judge Buller said, in 1 T. R. 52, " we are bound to take an act of Parliament as it is made ; a *casus omissus* can in no case be supplied by a court of law." Lord Tenterden said, in 6 Bar. and Cres., 475, " there was always danger in giving effect to what is called the equity of a statute, and it is much safer and better to rely on and abide by the plain words, although the legislature might possibly have provided for other cases, had their attention been directed to them." In *Fisher* v. *Harnden*, 1 Paine, 61, Livingston, J. says ; " the court disclaims all right, or inclination, to put on the statute of limitation any other construction than the words import. It is as much a duty to give effect to those laws, with which courts sometimes take great liberties, as to any others which the legislature may pass." In 2 Mason, Story, J. says, " he would not consider what in theory ought to be the law, upon philosophical and judicial reasoning, but follow the humbler duty of administering the law as he finds it."

In examining the statute in question, it appears to us that language cannot express ideas with more perspicuity and definiteness, than does the language used in this statute. It declares, " that in computing the time limited in the several cases aforesaid, the time during which the party, against whom there may be any such cause of action, shall be without this state, shall be excluded from the computation." The pleadings admit that the defendant has not been in the state, exceeding two years before the commencement of the suit, and of course he cannot have the benefit of the statute, unless he can show, that the exception is not applicable to one in his situation. How does he attempt this ? merely by showing

that the cause of action was of foreign origin, and the parties were not, and never had been, inhabitants or residents of the state. But this proves nothing to the point. There is no such qualification to the exception, either expressed or implied, and none such was contemplated, or designed, by the legislature. Any foreigner, who is not an alien enemy, may sue or be sued in our courts, just like other persons, although neither plaintiff or defendant has ever lived here at all, and much more is this true of a plaintiff, a resident in another state, by reason of the constitution of the United States, which secures equality of rights to citizens of any of the states, irrespective of place of domicil; nor is the fact, that the cause of action originated in New York of any importance, for the cause of action is transitory, following the debtor, wherever he goes. It is universally admitted, as elementary law, that the creditor may pursue his debtor, into and through every state, and every country, and sue him wherever his person, or his property, can be found. Ang. on Lim., 210. *Graves* v. *Strong & al.*, 19 Verm., 178. *Bulger* v. *Roche*, 11 Pick., 38. *Williams* v. *Jones*, 13 East., 448. *Ruggles* v. *Keeler*, 3 Johns., 266. *Whitney* v. *Goddard*, 20 Pick., 310. *Hale* v. *Lawrence*, 1 Zab., (N. J.) 742.

It was contended in the argument, that if the plaintiff can bring a suit in this case, and the defendant cannot plead the statute of limitations, because he has not been in the state the full six years, a foreign citizen has an advantage over a creditor, who is a resident of the state. This is not a just view of the case, for a citizen of this state could have sued his debtor situated just as this debtor is, a resident of New York, so that nothing depends on the part of the domicil of the plaintiff or defendant, but every thing turns on just what is provided, in the statute, the absence of the defendant.

Nor is there any thing in the idea, dwelt upon with so much ingenuity, that state claims, from abroad, will be brought here, until the dockets of our courts become encumbered with foreign claims, to the serious detriment of the

business of our own citizens.  As long as foreigners may freely sue in our courts, whether the causes of action be more or less recent, this theoretical objection may be imagined, but until the practice becomes an actual evil, instead of an imaginary one, and until our international law be altered, we must continue to yield to the citizens, or residents of other states and countries, what we are exacting from their courts, in behalf of our own people.  This liberty indeed, may be abused, but still it cannot be denied without endangering and embarrassing our commercial intercourse.

The statute of James is the earliest statute of limitations, of personal actions in England.  In this statute, exception is made only in favor of the plaintiff's absence, " beyond sea," &c., &c.  In construing the words, " beyond sea," it was early decided in England, and our courts follow that construction, that they meant out of the jurisdiction of their courts; and no importance was attached to the time that the defendant was out of the country, nor to the national character, or domicil of the parties.  The next statute of limitations was passed in the reign of Queen Anne, and then the disability arising from absence, was extended to the defendant, if he was " beyond sea;" on his return into England, within the times limited by the statute, he might be sued, and the word " return" was held to include alike the arrival in England of a foreigner and of a citizen, returning from an absence abroad.  So that, after both statutes were passed, it became the settled law of that country, that the time, that the plaintiff, or defendant, was not in the country, should not be computed under the statute of limitations.  We cite only a few of the numerous authorities.  *Williams* v. *Jones*, 13 East., 448.   *Lafonde* v. *Ruddock*, 24 E. L. & Eq., 239. *Bulger* v. *Roche*, 11 Pick., 38.   *Whitney* v. *Goddard*, 20 Pick., 310.   1 Show., 91.   *King* v. *Walker*, 1 W. Bl., 286. *Sleght* v. *Kane*, 1 Johns. cases, 76. *Ruggles* v. *Keeler*, 3 Johns., 267. 3 Cran., 174.   *Murray* v. *Baker*, 3 Whea., 541.   *Bank of Alexandria* v. *Dyer*, 14 Pet., 141 and Ang. on Lim.   We

particularly call attention to the case of *Ruckmaboye* v. *Mottichund*, 32 E. C. L. & Eq., 84, which was not cited on the trial; it contains the whole law on the subject.

Our statute has no exception, excluding from computation the absence of the plaintiff, and this exception would not seem to be necessary, since the plaintiff's absence does not prevent him from bringing his suit, at any time when the defendant comes within our jurisdiction, or has property within it, for he may bring suit here, let his domicil be where it may. It should be remembered that the statutes of James and Anne have no necessary connection with each other and scarce any relation to each other, but are independent and distinct, and in Connecticut we have only the statute of Anne, at least so far as absence is involved.

We do not think there is any foundation for the main position in the defendant's claim, viz. : that because our statute makes provision only for the absence of the defendant, therefore the plaintiff himself, being absent, cannot have the benefit of the defendant's absence to save the statute. We see no such connection nor distinction, nor has any well considered authority been cited in support of it. It is true that statutes of limitation in some of the states do not run in the absence of either of the parties, but this is because those states have adopted both of the English statutes; in other states, where the statute of Anne only exists, the defendant's absence is not computed.

The question, at issue, has been again and again decided in this country and abroad, and, at this day, the law of the case rests on judicial authority of the highest and most decisive character. In *Williams* v. *Jones*, both plaintiff and defendant had long been out of the country, and the cause of action was of foreign origin. The defendant, coming into England, was sued for money expended in Bengal. He pleaded the statute of Anne in bar of the action, to which the plaintiff replied, and the defendant alleged, in his rejoinder, the absence of the parties, and that the cause of action

originated in India, where the plaintiff could have sued, but did not. The court of Kings Bench unanimously held that the defence could not prevail. In *Bulger* v. *Roche*, the plaintiff and defendant were inhabitants of Halifax; the action was on a note given by the defendant to the plaintiff in Halifax, and the defendant being sued in Massachusetts, pleaded the statute of limitation, to which the plaintiff replied the absence of the defendant, out of that state, and out of the United States; the court held, that the statute afforded no defence. They said that where a debt was contracted, in a foreign country, between subjects thereof, who remained there until the debt became barred by the law of limitations of such country, the Massachusetts statute of limitations could not be pleaded in bar to an action upon the debt, brought within six years after the parties came into the commonwealth. *Graves and al.* v. *Strong*, a case of the same character, came before the supreme court of Vermont, and was decided in the same way. They held that the tenth section of the statute of limitation of 1797, which provides that where the debtor, at the time the cause of action accrued, was without that state, the suit may be commenced within six years after his return into the state, extends to a case where both parties are resident citizens of another state, and the debtor is within this state for a temporary purpose at the time the writ is served. A like decision was had in *Ruggles* v. *Keeler*. The court say that the act requires that all actions, founded upon any contract without specialty, shall be brought within six years next after the cause of action accrued. These words would undoubtedly, unless controlled by the exception in the statute, apply even to the case of foreigners, and to causes of action arising abroad. The statute of the 21 James 1, was so understood by Lord Chancellor Cowper, in the case of *Duplein* v. *De Roven*, 2 Vern., 540, which arose shortly before the statute of Anne, and he observed that it was plausible and reasonable that the statute of limitations should not take place, nor the

six years be running until the parties came within the cogni-
zance of the law of England, but that must be left to the
legislature. But a proviso in the statute of Anne, and
which we have adopted in our act of limitations, saves the
operation of the statute, if the party shall be out of the state
at the time the cause of the action arises against him, and
the statute does not begin to run until after the return of the
defendant. Whether the defendant be a resident of this
state, and only absent for a time, or whether he resides alto-
gether out of the state, is wholly immaterial; he is equally
within the language of the proviso. See *Dwight* v. *Clark*,
7 Mass., 515. *Littte* v. *Blunt*, 16 Pick., 359. *Strithorst*
v. *Graeme*, 3 Wil., 145. *Way* v. *Sperry*, 6 Cush., 238, and
Ang. on Lim., 214.

To these authorities it is replied, that in England and
Massachusetts, the statutes of limitation contain an excep-
tion of the plaintiff's absence as well as the defendants, and
this leads to a different construction of a statute which pro-
vides for the absence of the defendant only. We do not so
understand it, nor can we perceive any reason for such a con-
clusion. The two statutes, as we have before said, are en-
tirely distinct and independent, and the application of one
does not help in the construction of the other. Besides, the
statutes of New York and Vermont are like our own statute,
and yet, the decisions there are the same as in England and
Massachusetts. The distinction, alluded to, is no where to
be found in any book within my reading, and we think no
importance whatever can be attached to it.

The only case, which has been referred to, to sustain the
defendant's view of the case, is *Beardsley* v. *Southmayd*, 3
Green, 172, and perhaps a later case of the same court,
which professedly rests entirely on the first case. In the
former it was held by a divided court, that in the case of non-
resident parties, the debtor, being found and sued in New
Jersey, might plead the statute of that state, although there
be in it a clause not allowing the absence of the defendant

to be computed. The New Jersey statute is similar to our own. This decision was earnestly opposed by some of the ablest members of the court at the time it was made, and the contrary doctrine was maintained by what seems to us to be the better arguments of the judges. It however stands alone, contrary to the entire current of decisions elsewhere, and it proceeds upon the incorrect idea, that a plaintiff, who lives in New Jersey, has a better standing in court than one who does not, and that the latter may not recover, while under the same circumstances, the former may,—an idea which, we believe, is untenable, and, as to the plaintiff in that case, against the constitution of the United States. The reason assigned, by the majority of the court, for the distinction is as remarkable as the opinion itself. " State, and liquidated claims, says the judge, which the plaintiff would not dare to sue at home, may be revived, and successfully prosecuted against persons casually traveling on business, or for pleasure, or who may change their residence after a lapse of years." The substance of which is, that it will be inconvenient for debtors to be arrested, or required to fulfil their obligations while abroad, or whenever their property lies in a foreign state, and especially, if they are traveling on business, or pleasure. If this be so, and mere inconvenience is a sound argument, it must be equally true in relation to any [debtor, whether the debt be of long or short standing; but we presume this will not be claimed. The inconvenience and additional expense to the creditor, in pursuing his debtor into a foreign jurisdiction, over sueing him at home, shows that there is some substantial reason for so doing; perhaps a necessity which would satisfy the court here, if the court had a right to look into it, which it certainly has not. The courts of all civilized countries are open to give redress in all transitory actions, according to the merits and justice of the case, and they have nothing to do with the domicil of the parties, provided the court once acquires adequate jurisdiction of the person, or property. It was well

said by the plaintiff's counsel, that justice is justice every where, and always. The defendant therefore being in Connecticut, and arrested as the debtor of the defendant, within the jurisdiction of the court, he must answer, like other persons claimed to be debtors, to the claim made against him and cannot avail himself of the exception in the statute of limitations, because he can not bring himself within its language.

A question has been made as to the form and character of the fifth plea, but we have not turned our attention to that question at all, as we dispose of the case upon another and more important point.

We advise judgment for the plaintiff.

In this opinion, the other Judges, STORRS & HINMAN, concurred.

Judgment for the plaintiff.