## POWER *vs.* HATHAWAY.

It is a settled principle of international law, that all suits must be brought within the period prescribed by the local laws of the country where they are commenced.

The *lex fori* governs all questions arising under the statutes of limitations of the various states of this country.

A defendant in a personal action who is resident abroad can not avail himself of the statute of limitations of this state until he has returned to, and actually been a resident of, this state, and subject to process of its courts, for the period of six years.

Under our statute of limitations, the only question, upon its being set up as a defense, is whether the defendant has been within the state of New York, and amenable to process of its courts, for six years before the commencement of the suit. If so, the statute is a complete defense, except in case of the special disabilities specified in the 101st section of the code, in favor of plaintiffs.

Power *v.* Hathaway.

Where the plaintiff and defendant, at the time of contracting the debt, were, and had ever since been, residents of the state of Michigan; *Held,* that the courts of this state could not give effect to the statute of limitations of the state of Michigan; and that the defendant, being a non-resident of this state, could not set up our statute as a bar.

Where several legatees, entitled to a sum of money bequeathed to them in equal shares, join in a power of attorney to another, authorizing him to collect for them their respective legacies, each legatee may maintain an action in severalty, against the attorney, to recover the amount of his legacy.

Such an action is maintainable without any previous demand.

GIDEON PAYNE, late of Farmington, Ontario county, New York, died on or about the 23d of November, 1848, leaving a last will and testament, duly admitted to probate by the surrogate of Ontario county, by which he gave to his three grandsons, the plaintiff being one, the sum of $600, to be paid to them by his executors equally, as they should respectively arrive at the age of twenty-one years. He directed that his real and personal estate should be sold and converted into money after the decease of his wife Phebe Payne, and that these legacies should be paid out of the proceeds of such sale. Phebe Payne died the 3d day of April, 1854, and on the 22d of June, 1855, the real estate of said Gideon Payne was sold. The three grandchildren were then, and still are living, and then were and continued to be residents of the state of Michigan when the above action was commenced. The defendants, on the 1st day of June, 1855, procured from these three legatees a power of attorney to collect for them their legacies, and at that time, and ever since, he had been a resident of the state of Michigan. On the 28th day of June, 1855, he collected of the executors the legacies bequeathed to said three legatees, and gave his receipt therefor, in pursuance of said power of attorney. These legacies he had failed to pay over to said legatees. The defendant was the owner of a farm in Ontario county, and each of said legatees, of which the plaintiff is one, commenced an action against the defendant for his legacy thus collected by the defendant. The actions were commenced by pub-

lication of the summons against the defendant as a non-resident, and a warrant of attachment was issued and said farm attached. The action was commenced on the 16th day of May, 1862, and on the 16th day of November, 1863, the defendant set up as a defense the statutes of limitations of this state and of Michigan. The action was tried by Hon. Henry Welles, without a jury. At the close of the testimony the defendant moved for a nonsuit on the following grounds : 1st. The evidence shows that more than six years have elapsed since the cause of action arose, and the demand is barred by the law of Michigan and of New York. 2d. The plaintiff and defendant being residents of Michigan, and the contract which is the foundation of the action having been made there, the action by attachment can not be maintained in this court. 3d. There is no proof, and no averment in the complaint, that the plaintiff demanded of the defendant the payment of the money before the action was commenced. 4th. The action is based upon the right created by the power of attorney, which is a joint power by the three legatees named, and the legacy is to the three or the survivors of them ; that therefore the action can not be maintained by the plaintiff. The three can not sever and bring separate actions, and the defenses in that respect in the answer should be sustained. The court denied the motion on each ground, and the defendant excepted. The said justice thereupon made a report adjudging the plaintiff entitled to recover of the defendant his legacy, with the interest thereon from the 28th day of June, 1855, amounting to the sum of $316 ; upon which report judgment was duly entered, and the defendant appealed therefrom to the general term.

*E. G. Lapham,* for the appellant.

*Wm. H. Smith,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. In the findings of the learned judge who tried this cause at the circuit

without a jury, it is stated that the defendant received the money for which the action is brought on the 28th day of June, 1855, and this action was commenced on the 16th day of May, 1862; also that the plaintiff and defendant then were, and have ever since been, residents of the state of Michigan. The single question presented for our decision is, whether the debt is barred by the statute of limitations. The defendant has pleaded the statute of limitations of this state, and also that of the state of Michigan, which is the same as ours, in substance and effect.

It is a settled principle of international law, that all suits must be brought within the period prescribed by the local laws of the country where they are brought. The *lex fori* governs all questions arising under the statutes of limitations of the various states of this country. (*Story's Conflict of Laws,* § 577.) It follows that we can not give effect to the statute of limitations of the state of Michigan, though it is clear, as it is in this case, that the plaintiff's claim is utterly barred by that statute, and that such must have been the decision of the courts in that state. The case of *Olcott* v. *The Tioga R. R. Co.* (20 *N. Y. Rep.* 224,) settles the law in this state, that a defendant in a personal action, resident abroad, can not avail himself of the statute of limitations of this state till he has returned to and actually been a resident of the state and subject to process of our state courts for the period of six years. In the opinion of Judge Denio in that case, he says: "If the debtor, being an individual, resided out of this state when it [the cause of action] accrued, no period, however great, will bar the claim while he continues so to reside." But, in that case, as the plaintiff was a citizen of this state, and it was said to be the policy of the statute of limitations not to compel a creditor to pursue his debtor in a foreign jurisdiction, but to give him the period fixed by the statute for the prosecution of his debt in the state of his own residence, it is urged that a distinction is to be made between that case and the present, inasmuch as in this

case both the plaintiff and defendant, at the time when the right of action accrued, were, and ever since have been, residents of the state of Michigan. But this distinction can not be maintained. It is repudiated, in effect, in the case of *Olcott* v. *The Tioga R. R. Co.* In that case Judge Denio refers to and sanctions those cases where the plaintiffs as well as the defendants were non-residents of the state when the cause of action accrued and where the debt was barred by the law of the place where the parties at such time resided. The cases are those of *Ruggles* v. *Keeler,* (3 *John.* 262,) where the debt was barred by the statute of limitations of Connecticut; *Dwight* v. *Clark,* (7 *Mass. Rep.* 516,) where likewise the debt was barred by the statute of the same state; and *Bulger* v. *Roche,* (11 *Pick.* 36.) In this last cited case the debt was contracted in Nova Scotia, both the plaintiff and defendant were residents of Nova Scotia, and the debt was confessedly barred by the law of that province. Chief Justice Shaw said the question was "whether a plaintiff, a subject of a foreign state, can maintain an action against a defendant who is a subject of the same foreign state, upon a cause of action barred by the statute of limitations of the state of which they were respectively subjects, and where the cause of action accrued." It appears in the case that the parties both remained in Nova Scotia till the time of the limitation of the statute applied. The statute of Massachusetts contained the exception in favor of the plaintiff, *"beyond the sea,"* contained in the 7th section of the statute of James. The court held that *"beyond the sea"* should be understood to be *without* any of the United States; and that the plaintiff being out of the state was within the exception, and that the proviso relating to the defendant also excluded the operation of the statute, he being also out of the state. This case, in its facts and principles, is like th present one, entirely, in the most favorable view of the case, for the defendant. And the case of *Olcott* v. *The Tioga Rail Road Co.,* (*supra,*) affirms it to be good law, and virtually

decides that the statute of limitations is in no shape available as a defense to the defendant in this action. Our statute, it is true, contains no such exceptions in favor of the plaintiff's residence as that contained in the Massachusetts statutes, but the exception in relation to defendants is the same. Under our statute, the only question is whether the defendant has been within the state and amenable to process of its courts for six years before the commencement of the suit. If so, the statute is a complete defense, except in cases of special disabilities specified in the 101st section of the code in favor of the plaintiffs. Unless the plaintiff labors under some one of the disabilities specified in that section he must commence his suit within the time limited in the statute for the several causes of action therein mentioned, where he may chance to reside, whether a citizen of the United States or an alien. The defendant therefore is clearly not entitled to the benefit of the statute of limitations of this state.

The action, I think, could be brought in severalty by either of the legatees joining in the power of attorney to the defendant. Their claims were several and not joint, and each was entitled to payment from the defendant, when the latter received the money. The suit was maintainable, too, without any demand before suit brought. The money for which the action was brought was received by the defendant to the plaintiff's use, and it was his duty to have paid it to the plaintiff and remitted it to him. In such case, no demand is necessary, in order to maintain the action. (*Stacy* v. *Graham*, 4 *Kern.* 496.) I think the judgment below should be affirmed.

Judgment affirmed.

[Monroe General Term, December 5, 1864. *Welles, E. D. Smith* and *Johnson,* Justices.]