WILLIAM J. MILLER, et al., Respondents, v. BETTY BRENHAM, Executrix, etc., impleaded, etc., Appellant.

In an action upon a judgment alleged to have been recovered in California, a record of judgment was introduced in evidence containing a certificate of service of the summons to the effect that it was personally served on "defendant *Brennan*" and defendant Sanders "by delivering to said defendant personally" a copy of the same. The names of the defendants were Brenham and Sanders. *Held*, that the certificate was sufficient to show service on the defendants, it not appearing that any person by the name of Brennan was a party or had any connection with the action; and that the variance in the name did not affect the validity of the judgment.

A plea of the statute of limitations of another State or country, where a contract was made, is no bar to an action brought upon the contract in this State, the *lex fori* governs.

(Argued November 27, 1876; decided January 16, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of plaintiff, entered upon a verdict. (Mem. of decision below, 7 Hun, 330.)

This action was brought upon a judgment recovered by the plaintiff against Charles J. Brenham, originally a defendant

herein, and Beverly C. Sanders, in the Superior Court of the city of San Francisco. By the summons the defendants in that action were required to appear and answer the complaint within the time mentioned in the summons, or in default thereof judgment by default would be taken against them for the amount also therein mentioned. The copy of the judgment roll produced upon the trial of the present action contained a return or certificate of the sheriff of the city and county of San Francisco, of which the following is a copy:

"I hereby certify that I received the within summons on the 5th day of November, A. D. 1855, and personally served the same on the 5th day of November, A. D. 1855, on defendant Brennan, and served defendant Sanders on the 7th day of November, by delivering to said defendant personally, in the city of San Francisco, a copy of said summons, attached to a certified copy of the complaint.

"Dated San Francisco, the 8th day of November, A. D. 1855.

　　　　　　　　　　　"DAVID SCANNELL,
　　　　　　　　　　　　　　" *Sheriff.*"

Upon the trial this was claimed to be insufficient evidence of service to entitle the plaintiff to maintain the action against the defendant Brenham, the testator of the present defendant.

The judgment was recovered in the Superior Court of San Francisco on the twenty-first day of November, 1855. This action upon it was commenced in the early part of the year 1873. That was objected to as being too late, for the reason that by a statute of limitations of the State of California an action upon the judgment of any court of the United States, or of any State or territory, was required to be commenced within five years. The court directed a verdict for plaintiff, to which defendant's counsel duly excepted.

*H. M. Ruggles* for the appellant. This action was barred by the California statute of limitations. (Laws of Cal. 1850, chap. 127, § 17; Story Confl. of Laws, 582, 582*a*, 582*b*, and

note.) The sheriff's certificate was not sufficient to show service on defendant Brenham. (*Galpin* v. *Page,* 18 Wal., 364.) The judgment record failing to show that the court acquired jurisdiction of defendant's person, was void. (*Starbuck* v. *Murray,* 5 Wend., 157; *Shumway* v. *Stillman,* 6 id., 453; *Noyes* v. *Butler,* 6 Barb., 617; *Webster* v. *Reid,* 11 How., 460; *Galpin* v. *Page,* 18 Wal., 364; *Thompson* v. *Whitman,* id., 466; *Hill* v. *Mendenhall,* 21 id., 455; *Bd. Pub. Wks.* v. *Col. Coll.,* 9 Alb. L. J., 240; *Coit* v. *Haven,* 30 Conn., 199.)

*Charles M. Da Costa* for the respondents. The misspelling of defendant Brenham's name in the certificate of service was immaterial. (*Hard* v. *Shipman,* 6 Barb., 317; *Miller* v. *Brinkerhoff,* 4 Den., 119; *N. L. C. Co.* v. *Ansonia B. and C. Co.,* 1 Otto, 656–660; *Hatcher* v. *Rocheleau,* 18 N. Y., 92; *Hahn* v. *Kelly,* 34 Cal., 391; *Young* v. *Lorrain,* 11 Ill., 624–637; *Kittle* v. *Thompson,* 5 Bis., 226, 229; *Jackson* v. *Cody,* 9 Cow., 140; *Jackson* v. *Bownehan,* 15 J. R., 226; *Meredith* v. *Hinsdale,* 2 Paige, 362; *Petrie* v. *Woodworth,* 3 id., 219; *Fletcher* v. *Conley,* 2 Green [Iowa], 88; *Power* v. *Woolley,* 21 Ark., 462; *Rivard* v. *Gardner,* 39 Ill., 125; *Girous* v. *State,* 29 Ind., 93; *Comm.* v. *Stone,* 103 Mass., 421; *Belton* v. *Fisher,* 44 Ill., 32; *Stewart* v. *State,* 4 Blackf., 171; *McDonald* v. *People,* 47 Ill., 533; *Kitland* v. *Lebering,* 2 Wash. C. C., 201; *Kahn* v. *Herman,* 3 Kelly [Ga.], 266; *Cleveland* v. *State,* 20 Ind., 444; *Houston* v. *State,* 4 Green [Iowa], 437; *Myer* v. *Fegaly,* 39 Penn. St., 429; *Cato* v. *Hutson,* 7 Mo., 142; *State* v. *Blankenship,* 21 id., 504; *Ward* v. *State,* 28 Ala., 53; *Moore* v. *Anderson,* 8 Ind., 18; *Comm.* v. *Woods,* 10 Gray, 477; *Gorman* v. *Dierkes,* 37 Mo., 576; *Williams* v. *Ogle,* 2 Str., 889; *Hatcher* v. *Rocheleau,* 18 N. Y., 92, 96; *People* v. *Snyder,* 41 id., 403; *Richardson* v. *Wilton,* 4 Sandf., 708; *Lawrence* v. *Darby,* 15 Abb., 346, note; *Beatty* v. *Martin,* 17 id., 194; *Thompson* v. *Whitman,* 18 Wal., 459; *Knowles* v. *G. L. Co.,* 19 id., 58; *People* v. *McWharter,* 4 Barb., 438; *Gordon* v. *People,* 33 N. Y., 509.) The California statute of limitations could not govern

the right to bring the action in this State. (Code, § 90; *Ruggles* v. *Keeler,* 3 J. R., 263; *Andrews* v. *Herriott,* 4 Cow., 508, note 530; *Lincoln* v. *Battelle,* 6 Wend., 475; *Carpenter* v. *Wells,* 21 Barb., 594; *Power* v. *Hathaway,* 43 id., 214; *Tonsandon* v. *Lachermyer,* 6 Abb. [N. S.], 215; *Scudder* v. *Un. Nat. Bk.,* 1 Otto, 406, 412, 413; *McCormick* v. *Brown,* 36 Cal., 180; *Sichell* v. *Carillo,* 42 id., 493.)

MILLER, J. The copy of the record of the judgment introduced in evidence upon the trial, contained a certificate of the sheriff of the city and county of San Francisco, attached to the summons, to the effect, that he had personally served the same on the defendant Brennan, and the defendant Sanders, by delivering to said defendant personally in the city of San Francisco a copy of said summons, attached to a certified copy of the complaint.

It is claimed that this was insufficient proof of service upon the defendant Brenham, who was the testator of the defendant here. We think that this position cannot be upheld, and that it is apparent that the service was actually made upon the defendant Brenham. The certificate was unequivocal, direct, and positive, that the service was upon the defendant, and the most which can be urged against it, is that there was an error in the spelling of Brenham's name. The subsequent use of the words, "said defendant," supports the conclusion that the real defendants in the case were intended, and although used in the singular number, it was evidently designed to include both of the defendants. The circumstance that the defendant Brenham was erroneously called Brennan which is somewhat similar, does not negative the affirmative statement that the real defendant was actually served with process. Every legal intendment favors the presumption that the certificate truly stated that the service was made upon the defendant Brenham, and as he was evidently intended, at most there was a mistake in calling him Brennan. In support of the conclusion arising from the certificate, is the allegation in the complaint, which was duly verified and not denied and which

constitutes a part of the record, that the defendants comprised the banking firm of Sanders & Brenham of the same place, where the service was made, and the fact that it does not appear that any person by the name of Brennan was a party to the action, or had any connection with it. The very slight difference between the name as spelt, and that of the defendant was not enough to warrant the conclusion that another person was intended. They were similar in sound, and the decisions are numerous which hold that in such cases trifling discrepancies may be disregarded. There was no variance in the proof of service from the allegations in the complaint, of such a character as was fatal to the record itself, and it was entirely sufficient to authorize the judgment rendered against the defendant Brenham by the court in California, and to uphold it here. The authorities to which we have been referred, to support the doctrine, that the variance alleged was a fatal one- are mostly adjudications outside of this State, and however applicable they might be elsewhere, do not sustain the position that misspelling of the name of Brenham was an error fatal to the validity of the judgment.

It is also insisted that the California statute of limitations extinguished the judgment as a cause of action after the lapse of five years from the entry thereof; the defendant Brenham having resided in that State continuously until this action was brought. This is not the correct rule, and it is well settled in this State that a plea of the statute of limitations of the State or country where the contract is made, is no bar to a suit brought in a foreign tribunal, and the *lex fori*, governs all questions arising under that statute. (*Lincoln* v. *Battelle*, 6 Wend., 475, 485; *Ruggles* v. *Keeler*, 3 Johns., 263; *Power* v. *Hathaway*, 43 Barb., 214; *Toulandon* v. *Lachenmeyer*, 37 How., 145.) As is said in *Scudder* v. *Union National Bank* (1 Otto, 406), "matters respecting the remedy, such as bringing suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." The fact that testator's residence was in California, makes

no difference, and does not render the statute available to him or his representatives. No other question requires comment and the judgment must be affirmed.

All concur.

Judgment affirmed.