F. LYNWOOD GARRISON, Appellant, *v.* MILTON E. NEWMAN, Respondent.

First Department, February 3, 1928.

Limitation of actions — application of statute to non-residents — cause of action arose outside of State — no proof of Statute of Limitations in jurisdiction in which either party resides — Civil Practice Act, §§ 13, 19, and 55, are not applicable — action is barred by Civil Practice Act, § 48.

This action arose outside this State and is between parties who were at the time of the commencement thereof and at all times before non-residents of this State.

There is no proof as to the Statute of Limitations of the jurisdiction in which either of the parties reside.

Under the circumstances, sections 13, 19 and 55 of the Civil Practice Act do not apply, and the action is barred under our six-year Statute of Limitations (Civ. Prac. Act, § 48).

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 7th day of February, 1927, and also from an order entered in said clerk's office on the 5th day of January, 1927.

The order granted defendant's motion to set aside the verdict unless plaintiff stipulated within ten days to reduce the verdict to $500 and ordered that unless the stipulation was filed the complaint be dismissed. The judgment dismissing the complaint was entered on the failure of the plaintiff to stipulate to a reduction.

*Guernsey Price* of counsel [*Harry J. Ahlheim* with him on the brief], for the appellant.

*A. S. Cutler* of counsel [*David L. Weissman* with him on the brief; *Foster & Cutler,* attorneys], for the respondent.

O'MALLEY, J. The complaint herein alleges that at various times between August 1, 1916, and May 30, 1920, the plaintiff at the special instance and request of the defendant performed services for the latter in the reasonable value of $3,000, for which sum judgment was demanded.

Although but one cause of action was pleaded, the trial proceeded and the case was submitted to the jury, all without objection, upon the theory that two distinct sets of services were involved. The first related to services performed chiefly, if not entirely, with respect to certain mining property in Brazil; the second concerned itself with services rendered in adjusting a dispute between the defendant and a concern known as Lavino & Co.

We take the case as we find it and consider it in the light of the theory on which it was tried. The amended complaint is, therefore, considered as having been further amended so as to allege two causes of action, the first relating to the services rendered in connection with the mining venture in Brazil and for which the plaintiff sought to recover $2,500; the second, as setting forth a cause of action for the sum of $500 for services rendered in adjusting the matters in dispute already mentioned. (Civ. Prac. Act, § 105.)

The defendant pleaded the six-year Statute of Limitations and the court below made the order appealed from on the theory that the services rendered in the mining matter in Brazil were barred by such statute, while those relating to the adjustment of the

dispute in Philadelphia were not so barred. The services set forth in the first cause of action and for which $2,500 damages were requested ended in 1918. The services in the second cause of action seem to have had their inception sometime in 1920.

This action was begun May 9, 1924. The first cause of action was clearly barred by the six-year period of limitations under section 48 of the Civil Practice Act unless such period had not run at the commencement of the action because of the tolling provisions of other sections.

The question presented is both troublesome and novel. At all the times hereinbefore mentioned and at the time of the commencement of this action both parties were non-residents and it does not appear that the defendant or the plaintiff was ever prior to such time residents of this jurisdiction. Both causes of action concededly arose outside of the State. There is nothing to show the Statute of Limitations applying in either of such jurisdictions nor in any jurisdiction of which either or both of the parties might at any time have been residents. Section 13 of the Civil Practice Act (formerly Code Civ. Proc. § 390-a), therefore, is not here applicable.

Section 55 of the Civil Practice Act (formerly Code Civ. Proc. § 390) does not apply unless the same is qualified by the provisions of section 19 of the Civil Practice Act (formerly Code Civ. Proc. § 401). So far as a plaintiff resident in this jurisdiction at the time of the accrual of an action is concerned, section 55 of the Civil Practice Act is qualified by the provisions of section 19 of the Civil Practice Act. (*National Surety Co.* v. *Ruffin,* 242 N. Y. 413.)

We do not think that the case cited is determinative of this appeal. As stated therein, " the pursuit of legislative intent * * * is rather difficult and illusory " (p. 417). That decision was predicated largely on the fact that the plaintiff was a resident of this State at the time of the accrual of that action. It was stated that the Legislature never intended to drive residents of this State into other jurisdictions for the purpose of observing and enforcing their claims as against a Statute of Limitations. It was further stated that the probable reason for excising in 1916 the words " except * * * where the cause of action originally accrued in favor of a resident of the State," theretofore contained in section 390 of the Code of Civil Procedure (the source of the present section 55 of the Civil Practice Act), was the fact that it had been " the general understanding of the profession that extended absence from the State stopped the running of the Statute of Limitations as against a defendant while such absence continued," and the

court further thought it was "reasonably safe to assume that when the Legislature amended section 390 [now Civ. Prac. Act, § 55] by striking out the exception in favor of a resident as it did in 1916 it was on the theory that the provisions of section 401 [now Civ. Prac. Act, § 19] would apply for the benefit of such resident having a. claim against a non-resident, * * *."

In the case before us the plaintiff was not, at the time of the accrual of the rights of action sued upon, a resident of this State. We think it would lead to a practical absurdity were we to hold that where both parties to an action are non-residents at the time of the accrual of the right of action in favor of one of them and which accrued without the jurisdiction, that the six-year Statute of Limitations would not start to run until the non-resident defendant had come into this jurisdiction. Were such a rule to be adopted, rights of action accruing outside of this State, between non-residents at the time of such accrual, would be kept alive interminably. The courts of this State would be flooded with actions brought on ancient and well-nigh forgotten rights. It would lead to manifest injustice in many cases because of long lapse of time resulting in loss of evidence and deprivation of witnesses. As stated in *Smith* v. *Western Pacific Railway Co.* (154 App. Div. 130, 140): " if the State opens its courts to a non-resident plaintiff to here sue * * * he must take that privilege burdened with the duty of prompt action."

It was error to dismiss the complaint or to enter any judgment. A new trial should have been ordered. The judgment and order appealed from should be reversed, without costs, and a new trial ordered, unless plaintiff stipulates to reduce the verdict to the sum of $500, with interest from May 9, 1924, in which event judgment may be entered upon said verdict as so reduced in favor of the plaintiff, without costs of this appeal.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment and order reversed, without costs, and a new trial ordered, unless plaintiff stipulates to reduce the verdict to the sum of $500, with interest from May 9, 1924, in which event judgment may be entered upon said verdict as so reduced in favor of the plaintiff, without costs of this appeal. Settle order on notice.