S. SHELDON MEYERS, Appellant, *v.* CREDIT LYONNAIS, Respondent.

(Argued June 15, 1932; decided July 19, 1932.)

*Robert Szold, Irvine J. Shubert* and *Merwin D. Maier* for appellant. An action by a non-resident plaintiff against a

non-resident defendant on a cause of action which originally accrued outside the State is not barred by the six-year Statute of Limitations. It is tolled by section 19 of the Civil Practice Act. (*Olcott* v. *Tioga R. R. Co.*, 20 N. Y. 210; *National Surety Co.* v. *Ruffin*, 242 N. Y. 413; *Power* v. *Hathaway*, 43 Barb. 214; *Rathbun* v. *No. C. R. R. Co.*, 50 N. Y. 656; *Boardman* v. *Lake Shore & M. S. R. Co.*, 84 N. Y. 157; *Comey* v. *United Surety Co.*, 217 N. Y. 268.) The tolling provision has been applied in actions by non-resident plaintiffs upon foreign causes of action. (*Connecticut Trust & Safe Deposit Co.* v. *Wead*, 172 N. Y. 497; *Plummer* v. *Lowenthal*, 165 N. Y. Supp. 220; *Ruggles* v. *Keeler*, 3 Johns. 263; *Power* v. *Hathaway*, 43 Barb. 214; *Gans* v. *Frank*, 36 Barb. 320; *Hixon* v. *Rodbourn*, 67 App. Div. 424; *Robeson* v. *Central R. R. Co.*, 76 Hun, 444; *Mayer* v. *Friedman*, 7 Hun, 218.)

*Edward H. Green, John C. Higgins* and *H. Zettler* for respondent. When a suit on a foreign cause of action between non-residents is barred by section 48 of the Civil Practice Act, it may not be thereafter brought by virtue of section 19. The tolling provision is to be construed in its setting among the other parts of the Statute of Limitations and does not suspend, in favor of non-resident creditors, the running of the general six-year statute on a foreign cause of action. (*National Surety Co.* v. *Ruffin*, 242 N. Y. 413; *Kirsch* v. *Lubin*, 131 Misc. Rep. 700; 223 App. Div. 826; 248 N. Y. 645; 249 N. Y. 610; *Garrison* v. *Newman*, 222 App. Div. 498; *Hale* v. *Lawrence*, 21 N. J. L. 714; *Robinson* v. *Oceanic Co.*, 112 N. Y. 315.)

HUBBS, J. The plaintiff is the assignee for collection only of a claim on contract which accrued in Russia in the year 1918 in favor of a Russian citizen against the defendant, a French bank having a branch in Petrograd.

The action was commenced in November, 1930, by an attachment of property of the defendant in this State. More than six years had expired after the cause of action

accrued before it was assigned by the Russian citizen. The Statute of Limitations had not run against the cause of action in Russia or in France, the residence of the defendant. The defendant moved at Special Term, under rule 107, to dismiss the complaint on the ground that the action was barred by the six-year Statute of Limitations (Civ. Prac. Act, § 48). The motion was denied, but the Appellate Division reversed and made an order dismissing the complaint.

The question presented for determination is whether section 48 of the Civil Practice Act applies in an action by a non-resident plaintiff against a non-resident defendant when the cause of action accrued in a foreign jurisdiction more than six years before the commencement of the action. Section 48 of the Civil Practice Act, so far as applicable, reads: "Actions to be commenced within six years. The following actions must be commenced within six years after the cause of action has accrued." If that provision of the statute stood alone, the claim would be barred. However, section 19 of the Civil Practice Act reads in part: " Effect of defendant's absence from state or residence under false name. If, when the cause of action accrues against a person, he is without the state, the action may be commenced, within the time limited therefor, after his return into the state."

It is the contention of respondent that the statute must be read as a whole, and in the light of the construction placed by the courts upon its various sections. It says that if the statute be so read, the defendant is entitled to a dismissal of the complaint as it must be held that the action is barred by the limitation contained in section 48, a limitation which defendant, although a non-resident, may plead as against plaintiff who is also a non-resident. It argues that section 48 is unaffected by the provisions of section 19 of the same act when set up as a bar to an action brought by a non-resident plaintiff. Section 13

of the Civil Practice Act has no application as the Statute of Limitations of Russia had not run against the cause of action in Russia when this action was commenced.

We believe that the question is no longer open in this court. Ever since the opinion of KENT, Ch. J., rendered in the case of *Ruggles* v. *Keeler* (3 Johns. 263), decided in 1808, it has been the accepted law of this State that where a non-resident sues another non-resident in the courts of this State upon a claim which arose in a foreign jurisdiction, the non-resident defendant may not successfully plead our Statute of Limitations as a bar to the action.

The principle has been stated in the opinions of eminent judges and decided in numerous cases. It has been stated by text writers (3 Williston on Contracts, § 2007) and generally accepted by the profession as settled law. In the case of *Ruggles* v. *Keeler* the same situation existed as in this case. Both parties to that action were non-residents. The cause of action arose in a foreign jurisdiction (Connecticut) and the contention was advanced by the defendant that the claim was barred by our Statute of Limitations. The chief justice, after reviewing English decisions, decided that the defense was not available.

In *Gans* v. *Frank* (36 Barb. 320), in the New York General Term in 1862, the same conclusion was reached under a similar state of facts. The latter case was followed in 1864 by the case of *Power* v. *Hathaway* (43 Barb. 214), at the Monroe General Term.

The case of *Mayer* v. *Friedman* (7 Hun, 218), decided in 1876, held that a non-resident defendant could not successfully plead the statute. It does not appear whether the plaintiff was a non-resident.

Meanwhile, the case of *Olcott* v. *Tioga R. R. Co.* (20 N. Y. 210) had been decided in 1859. In that case the plaintiff was a resident of this State and the defendant a non-resident corporation. This court decided

that the defendant could not avail itself of our Statute of Limitations.

The opinion of Judge DENIO, in stating the principle applicable, made no distinction between cases where the plaintiff was a resident and cases where the plaintiff was a non-resident. He quoted with approval from the opinion of the chief justice in *Ruggles* v. *Keeler*. In *Power* v. *Hathaway* the opinion in the *Olcott* case was treated as authority for the proposition that the same rule applied whether the plaintiff was a resident or non-resident. In *Miller* v. *Brenham* (7 Hun, 330; affd., 68 N. Y. 83) the defendant was a non-resident. It does not appear where the plaintiff resided. The action was on a judgment recovered in a court in the State of California, where the Statute of Limitation had run. The General Term said: " In this State an action upon the judgment could only be barred by showing that the defendant had resided here the length of time required for that purpose by the terms of our statute," citing *Ruggles* v. *Keeler*.

In the case of *Connecticut Trust & Safe Deposit Co.* v. *Wead* (172 N. Y. 497) the plaintiff and defendant were both non-residents. The question decided was that the non-resident defendant could not plead the Statute of Limitations. The decision, on the facts, is absolutely controlling in this case. It is suggested, however, by the respondent that the case should not be given that effect, as it does not appear that the court's attention was called to the fact that plaintiff was a non-resident. It cannot be presumed that Chief Judge CULLEN, who wrote the opinion, overlooked or failed to appreciate that the plaintiff was a non-resident, especially in view of the fact that the plaintiff was a foreign banking corporation. That decision has been treated as passing upon the question involved in this case. (*Plummer* v. *Lowenthal*, 165 N. Y. Supp. 220 [Appellate Term].)

The courts of other States have treated the question

as definitely settled in this State by the cases heretofore cited. (*Mason, Chapin & Co.* v. *Union Mills Paper Co.*, 81 Md. 446; *Hatch* v. *Spofford*, 24 Conn. 432; *Belden* v. *Blackman*, 118 Mich. 448; *Paine* v. *Drew*, 44 N. H. 306, 314.)

In New Jersey, where the rule contended for by respondent prevails, the courts recognize the fact that the rule in this State was definitely decided the other way in *Ruggles* v. *Keeler*. (*Beardsley* v. *Southmayd*, 15 N. J. L. 171.)

It is earnestly urged by respondent that public policy now requires or at least justifies this court in now adopting the rule in force in New Jersey. Attention is called to the cases of *National Surety Co.* v. *Ruffin* (242 N. Y. 413) and *Kirsch* v. *Lubin* (131 Misc. Rep. 700; affd., 223 App. Div. 826; affd., 248 N. Y. 645) as pointing the way and it is suggested that those cases, by implication, have overruled the long line of cases which have followed the decision in *Ruggles* v. *Keeler*. Those cases do not express any such intention and this court would not by implication overrule such a well-established important principle. Numerous amendments have been made to our Statute of Limitations since the decision in *Ruggles* v. *Keeler*, none of which, however, have the effect of changing the rule embodied in that decision. If the question were an open one in this court, the argument of respondent would require most serious consideration. In view of the history of the law on the subject in this State that argument must now be addressed to the Legislature. So far as the case of *Garrison* v. *Newman* (222 App. Div. 498) is in conflict, it is disapproved.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgment accordingly.