FERDINAND TAZLICK
*vs.*
MARY CART

Superior Court          Middlesex County          File No. 7379

MEMORANDUM FILED AUGUST 22, 1940.

*Samuel M. Gordon*, of New Haven, for the Plaintiff.

*Everett J. Peckham*, of Deep River, *Pelgrift & Blumenfeld*, of Hartford, for the Defendant.

BALDWIN, J.   The note that is the basis of this action was signed by the defendant in the City and State of New York on May 14, 1930.   It was a negotiable note payable one year after date to Joseph Tazlick at 428 East 70th Street in the City of New York.

The defendant at the time of signing of the note and for more than two years preceeding that date and continuously thereafter has been a resident of the Town of Essex in this state.

The payee in the note, Joseph Tazlick, was a resident of the State of New York.   He deceased on or about September 26, 1936.   The administrator on his estate assigned the note to the plaintiff on or about October 18, 1937, and he brought this action to recover on the note November 22, 1937.

That the defendant was a resident of this state and her place of residence in the state from the time she came here to reside in January, 1928, was well known at all times to the owners and holders of the note.

The defendant pleads the statute of limitations.   The note was dated May 14, 1930.   It became due May 14, 1931.   If the payee had lived he would have had until May 14, 1937, within which to bring suit.   He died September 24, 1936.   There was therefore less than one year left in which, had he lived, he could have brought suit.   But under the provisions of section 6027 of the General Statutes, Revision of 1930, the time was extended for one year from his death, "so that the decedent's representatives may have a full year in which to take out administration, learn of the existence of the claim, and bring suit."   *Leahy vs. Cheney*, 90 Conn 611, 613.

Plaintiff claims that absence of the defendant from the State of New York tolls the statute. The action is brought in this state against a resident of this state. The absence of the defendant from the State of New York is of no moment. The law of this state applies. *See Hatch vs. Spofford*, 24 Conn. 432.

In *Miller vs. Brenham*, 68 N.Y. 83, at page 87, the court said: "It is also insisted that the California statute of limitations extinguished the judgment as a cause of action after the lapse of five years from the entry thereof; the defendant Brenham having resided in that State continuously until this action was brought. This is not the correct rule, and it is well settled in this State that a plea of the statute of limitations of the State or country where the contract is made, is no bar to a suit brought in a foreign tribunal, and the *lex fori* governs all questions arising under that statute. (*Lincoln vs. Battelle*, 6 Wend., 475, 485; *Ruggles vs. Keeler*, 3 Johns., 263; *Power vs. Hathaway*, 43 Barb., 214; *Toulandon vs. Lachenmeyer*, 37 How., 145.) As is said in *Scudder vs. Union National Bank* (1 Otto., 406), 'matters respecting the remedy, such as bringing suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought.' The fact that testator's residence was in California, makes no difference, and does not render the statute available to him or his representatives."

The action should have been brought on or before September 24, 1937, to have been within the time limited by the statutes, (Gen. Stat. [1930] §§6005, 6027). It having been brought November 22, 1937, the time limited had expired and the right of action then ceased to exist.

Judgment accordingly is entered for the defendant.