GEORGE MADERS, APPELLANT, *v.* ZACHARIAH LAW-RENCE, RESPONDENT.

*Breach of warranty is a good counter-claim, in an action, brought after the expiration of six years, on a note given at the time of the sale — otherwise if made the ground of an independent affirmative action.*

In an action, brought upon a promissory note, a defense was interposed that the plaintiff and defendant had exchanged horses, and that the note in question was given by the defendant to the plaintiff to represent the difference in value between the horses; that, at the time of such trade, the plaintiff warranted his horse to be perfectly sound, whereas, in fact, the horse proved to be unsound and was of little, if any, value.

It was claimed by the plaintiff that as the defendant had an immediate right of action upon the warranty, and more than six years had elapsed from the time of the making of the contract before the commencement of this action, that the statute of limitations constituted a bar to the defendant's counter-claim based upon the warranty.

*Held*, that as the giving of the promissory note constituted but part of the transaction, which also included the warranty in question, that the defendant was at liberty to assert the breach of such warranty as a counter-claim in the action brought upon the note.

*Semble*, that if the defendant had commenced an action, based upon the warranty, the statute of limitations would have been a bar to any recovery for its breach; but that a different rule obtained when the plaintiff asserted a cause of action, as to which such statute had not attached, and the defense of a breach of warranty was merely resorted to as showing a failure of consideration for the obligation, which was the subject of the action and arose out of the same transaction.

APPEAL by the plaintiff from a judgment of the County Court of Essex county, which affirmed a judgment rendered in a Justice's Court in favor of defendant.

*T. A. Rowe*, for the appellant.

*T. F. Conway*, for the respondent.

INGALLS, J.

This action was commenced in Justice's Court, and the plaintiff complained upon a promissory note, of which the following is a copy:

"AUSABLE FORKS, N. Y., *August* 25, 1879.

"Six months from date, for value received, I promise to pay George Maders fifteen dollars, with interest.

"ZACHARIAH $\overset{\text{His}}{\times}$ LAWRENCE.
$\underset{\text{Mark.}}{}$
"Witness: J. S. DWYER."

By an amended answer the defendant (1) denied the complaint, and each and every allegation thereof; (2) by way of counter-claim stated, in substance, that the plaintiff and defendant exchanged horses, and that the note in question was given by the defendant to the plaintiff as the difference between the horses; that at the trade the plaintiff warranted his horse to be perfectly sound and very valueable; that the horse proved to be unsound, viz., had the heaves, was lame and of little or no value; (3) for a third answer or defense the defendant alleged that the note mentioned in the complaint was wholly without consideration and void

Upon the trial the parties were witnesses, an the defendant stated the warranty substantially as alleged in the complaint, and the plaintiff denied that he warranted the horse. Evidence was produced to the effect, by the defendant, that the horse which he received from the plaintiff upon the exchange became worthless in

consequence of the defects of which he complained. The jury rendered a verdict, in favor of the defendant, of no cause of action. We are satisfied that the evidence justified the verdict. It is contended by the appellant that, as the defendant had an immediate right of action upon the warranty, and more than six years having elapsed from the making of the contract before the commencement of this action, the statute of limitations constituted a bar to the defendant's counter-claim, based upon such pretended warranty. This presents the material question upon this appeal. As between the parties to this action, the giving of the promissory note in suit constituted but part of the transaction, as the contract which gave rise to such note also included the warranty in question, and the defendant was at liberty to assert the breach of such warranty, with an allegation of damages in consequence thereof, as a counter-claim. (Code of Civil Pro., § 501, sub. 1; *Farrell* v. *Krone*, 24 N. Y. Weekly Dig., 89; *Hopkins* v. *Lane*, 87 N. Y., 501.) The case last cited supports the proposition, although the doctrine was not there applied on account of a defect of parties. In the case at bar the plaintiff asserted the note as a valid cause of action, based upon an adequate consideration, and the defendant assailed the same upon the ground that in the contract, and as a part thereof, the plaintiff warranted his horse to be perfectly sound and very valuable, when, in fact, he was unsound and worthless; and the defendant insisted upon the damages arising from such breach of warranty as a defense to said note. The plaintiff, by commencing such action upon the note, invited any valid defense which the defendant had, arising from the transaction in which the note originated, and which legitimately assailed the consideration thereof. We think the practical effect of asserting such note, by the plaintiff, was to give efficacy to the defense of the defendant by way of counter-claim, or, at least, as a defense to the extent of the note by defeating the consideration thereof. It would seem unreasonable and unjust to allow the plaintiff, under the circumstances, to delay an action upon the note until after six years from the giving thereof, and then assert the same and defeat the defendant's claim, or defense, upon the ground that the statute of limitations barred such defense. We do not think the law necessitates such a result. If the defendant had commenced an action upon the warranty, doubtless such statute would have barred a recovery;

but we conclude that a very different rule obtains when the plaintiff asserts a cause of action as to which such statute has not attached, and the defense is merely resorted to as an attack upon the consideration of the obligation, which is the subject of the action, and arising from the same transaction, such defense is resorted to by the defendant as a shield, and not a sword. By prosecuting the note the plaintiff, in effect, asserts that the same had a good and adequate consideration to support it, and the defendant, by interposing the defense, denies such consideration, thus accepting and meeting the issue in that respect tendered by the plaintiff. Again the case fails to show that any such question was insisted upon at the trial, but, on the contrary, the case was tried upon the merits and the plaintiff was defeated, and it seems quite apparent that substantial justice was administered in the Justice's Court, and the County Court has given its approval of such proceedings. It is but reasonable to require parties who litigate in the Justice's Court to fairly raise the questions upon which they rely, and not to conceal them, and seek, upon appeal, to take advantage thereof to the prejudice of the adverse party. We conclude that no error has been committed which requires us to reverse the judgment, and the same is, therefore, affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.