AMERICAN SEEDING MACH. CO. v. SLOCUM.

(Supreme Court, Trial Term, Wyoming County. December, 1907.)

1. BILLS AND NOTES—ACTION ON NOTE—DEFENSES—PLEADING.
　　Code Civ. Proc. § 502, subd. 2, providing that, in an action on a note assigned after maturity, a demand existing against the assignor after it became due must be allowed as a "counterclaim," if it might have been allowed against the assignor, did not require the defense of breach of warranty to be pleaded as a counterclaim in an action on a note given for a grain drill and assigned to plaintiff; but under Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 97, providing that in the hands of one not a holder in due course a negotiable instrument is subject to the same "defenses" as if it were not negotiable, the breach of warranty was properly pleaded as a defense.

2. SAME.
　　In an action on a note, defended on the ground of breach of warranty respecting the grain drill for which the note was given, a verdict of no cause of action was improper, where the evidence showed that the drill had some value.

Action by the American Seeding Machine Company against James Slocum. Verdict having been found for defendant, plaintiff moves for a new trial. Motion denied conditionally.

Charles W. Johnson and Elmer E. Charles, for plaintiff.
Brown & Coleman, for defendant.

WHEELER, J. This is a motion by plaintiff for a new trial on the court's minutes. The action was brought upon a promissory note for $80, given by the defendant to one Dwight H. Buckland, and by

him transferred after maturity to the plaintiff in this action. The note represented the purchase price of a certain grain drill, sold by Buckland to the defendant, with warranty as to its character and ability to do certain work required of it. The defendant claims the drill failed to fulfill the terms and conditions of the warranty and was practically worthless. The answer as a defense to the note set up the sale of the drill, the giving of the note for the purchase, the making of the warranty, its breach, and the alleged worthlessness of the implement. In a separate count, and by way of counterclaim, it alleged that Buckland, in making said sale, giving said warranty, and taking said note, was acting as the agent of the plaintiff, and demands that his alleged damages by reason of the breach of the warranty be offset and counterclaimed against any sum found due the plaintiff on account of the note.

It appeared by the evidence given on the trial that Buckland bought the drill in question outright from the plaintiff, and that in selling to the defendant he acted as a principal, and not as the agent for the plaintiff, and the warranty was his individual warranty, and not that of the plaintiff. Although the breach of the warranty had been alleged and set forth in the prior portions of the answer as an "answer and defense" to the action, it was not set up "as a counterclaim," except as against the plaintiff. The plaintiff, therefore, contended on the trial that by reason of the provisions of subdivision 2 of section 502 of the Code of Civil Procedure the defense of a breach of warranty had not been properly pleaded, and was not available to the defendant. The plaintiff, therefore, asked for a direction of a verdict for the amount of the note, and excepted to any evidence on the part of the defendant tending to show a breach of warranty. The court overruled the objections, and denied the motion for a direction, and submitted the question of a breach of the warranty to the jury, who rendered a verdict of no cause of action. For these alleged errors a new trial is asked.

The provision of the Code relied on by the plaintiff reads as follows, to wit:

"If the action is upon a negotiable promissory note or bill of exchange, which has been assigned to the plaintiff after it became due, a demand, existing against a person who assigned or transferred it, after it became due, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the assignor, while the note or bill belonged to him."

From this it is argued that the defense of a breach of warranty can only be alleged as a counterclaim, and, failing that, the defense must fail, because, if any cause of action for a breach of warranty existed, it was the breach of Buckland's warranty, and not of any warranty given by the plaintiff. We do not think the position of the plaintiff well taken. The defense pleaded and relied on by the defendant grew out of the original transaction for which the note was given. It was not based upon an independent and separate transaction. Negotiable Instruments Law, Laws 1897, p. 732, c. 612, expressly provides (section 97) that:

"In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were not negotiable."

The alleged breach of warranty was fully set out as a defense in the answer. We do not think it was necessary to allege it as a counterclaim. The plaintiff was not surprised. It had been fully advised by the answer of just the nature and character of the defense relied on.

In Maders v. Lawrence, 49 Hun, 360, 2 N. Y. Supp. 159, it was held that a breach of warranty went to the consideration of a note given for the purchase price of a horse sold with warranty, and that, notwithstanding the statute of limitations might have been successfully interposed to an independent action based upon the warranty, nevertheless such a breach might be alleged and proved to defeat a promissory note which had itself not outlawed. The court said:

"The plaintiff, by commencing such an action upon the note, invited any valid defense which the defendant had, arising from the transaction in which the note originated, and which legitimately assailed the consideration thereof; * * * and the defense is merely resorted to as an attack upon the consideration of the obligation which is the subject of the action, and arising from the same transaction. Such defense is resorted to by the defendant as a shield, and not a sword."

We do not think anything contained in the case of Gillespie v. Torrance, 25 N. Y. 306, 82 Am. Dec. 355, is in conflict with this view.

We think, however, the jury went too far in rendering a verdict of no cause of action. The drill in question certainly had some value. Certain classes of work it was admitted it did well. Other classes of work, like sowing beans, etc., it was contended it failed to perform. Its value, as it was, was placed at from $5 to $80. The jury were instructed to deduct from the face of the note any decreased value the drill had by reason of the alleged failure to meet the terms of the warranty. It returned a verdict of no cause of action, which must have been on the basis of the utter worthlessness of the machine. Such a conclusion was clearly against the weight of evidence. It it was not suitable for the defendant's purposes, it still was of value to others. Of course, if the defendant had undertaken to sell it, he would have been selling a secondhand machine, which never brings the same price as a new machine. We think the verdict for this reason should be set aside, unless the defendant stipulates to indorse $30 on the judgment for costs which he has, or may enter, in this action.

If such a stipulation be filed and served, the motion for a new trial is denied; otherwise, granted.