THE AMERICAN SEEDING MACHINE COMPANY, Plaintiff, v. JAMES SLOCUM, Defendant.

(Supreme Court, Wyoming Trial Term, March, 1908.)

Negotiable instruments — Actions — Answer — Consideration.
New trial — Verdict, or findings contrary to law or evidence — Verdict contrary to law or instructions; Verdict contrary to evidence.

> In an action upon a promissory note transferred after maturity to the plaintiff by the payee, the facts that the note was given for the purchase price of a certain grain drill, with warranty as to its character and ability to do certain work required of it, and that it failed to fulfill the terms and conditions of the warranty and was practically worthless, are properly pleaded as a defense.

> But where in such a case it appears upon the trial that the drill had some value, which was placed by the witnesses at from five dollars to eighty dollars, and the jury were instructed to deduct from the face of the note any decreased value the drill had by reason of the alleged failure to meet the terms of the warranty, a verdict of no cause of action should be set aside.

MOTION for a new trial on the minutes.

Charles W. Johnson and Elmer E. Charles, for plaintiff.

Brown & Coleman, for defendant.

WHEELER, J. This is a motion by plaintiff for a new trial on the court's minutes.

The action was brought upon a promissory note for eighty dollars given by the defendant to one Dwight H. Buckland and by him transferred after maturity to the plaintiff in this action. The note represented the purchase price of a certain grain drill sold by Buckland to the defendant with warranty as to its character and ability to do certain work required of it. The defendant claims the drill failed to fulfill the terms and conditions of the warranty and was prac-

tically worthless. The answer as a defense to the note set up the sale of the drill, the giving of the note for the purchase, the making of the warranty, its breach and the alleged worthlessness of the implement. In a separate count and by way of counterclaim it alleged that Buckland in making said sale, giving said warranty and taking said note was acting as the agent of the plaintiff and demands that his alleged damages by reason of the breach of the warranty be offset and counterclaimed against any sum found due the plaintiff on account of the note.

It appeared by the evidence given on the trial that Buckland bought the drill in question outright from the plaintiff and that in selling to the defendant he acted as a principal and not as the agent for the plaintiff and the warranty was his individual warranty and not that of the plaintiff.

Although the breach of the warranty had been alleged and set forth in the prior portions of the answer as an " *answer and defense* " to the action, it was not set up " *as a counterclaim* " except as against the plaintiff. The plaintiff, therefore, contended on the trial that, by reason of the provisions of subdivision 2 of section 502 of the Code of Civil Procedure, the defense of a breach of warranty had not been properly pleaded and was not available to the defendant. The plaintiff, therefore, asked for a direction of a verdict for the amount of the note and excepted to any evidence on the part of the defendant tending to show a breach of warranty. The court overruled the objections and denied the motion for a direction and submitted the question of a breach of the warranty to the jury, who rendered a verdict of no cause of action. For these alleged errors a new trial is asked.

The provision of the Code relied on by the plaintiff reads as follows, to wit: " If the action is upon a negotiable promissory note or bill of exchange, which has been assigned to the plaintiff after it became due, a demand, existing against a person who assigned or transferred it, after it became due, must be allowed as a counterclaim, to the amount of the plaintiff's demand, if it might have been so allowed against the assignor, while the note or bill belonged to him."

From this it is argued that the defense of a breach of

warranty can only be alleged as a counterclaim, and failing that the defense must fail; because, if any cause of action for a breach of warranty existed, it was the breach of Buckland's warranty and not of any warranty given by the plaintiff.

We do not think the position of the plaintiff well taken. The defense pleaded and relied on by the defendant grew out of the original transaction for which the note was given. It was not based upon an independent and separate transaction. The Negotiable Instruments Law expressly provides (§ 97) that *" in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were not negotiable."*

The alleged breach of warranty was fully set out as *a defense* in the answer. We do not think it was necessary to allege it as a counterclaim.

The plaintiff was not surprised. It had been fully advised by the answer of just the nature and character of the defense relied on.

In Maders v. Lawrence, 49 Hun, 360, it was held that a breach of warranty went to the consideration of a note given for the purchase price of a horse sold with warranty and that, notwithstanding the Statute of Limitations might have been successfully interposed to an independent action based upon the warranty, nevertheless such a breach might be alleged and proved to defeat a promissory note which had itself not been outlawed. The court said: " The plaintiff, by commencing such action upon the note, invited any valid defense which the defendant had, arising from the transaction in which the note originated, and which legitimately assailed the consideration thereof * * * and the defense is merely resorted to as an attack upon the consideration of the obligation, which is the subject of the action, and arising from the same transaction. Such defense is resorted to by the defendant as a shield, and not a sword."

We do not think anything contained in the case of Gillespie v. Torrance, 25 N. Y. 306, is in conflict with this view.

We think, however, the jury went too far in rendering a verdict of no cause of action. The drill in question cer-

tainly had some value. Certain classes of work it was admitted it did well; other classes of work, like sowing beans, etc., it was contended it failed to perform. Its value as it was was placed at from five to eighty dollars. The jury were instructed to deduct from the face of the note any decreased value the drill had by reason of the alleged failure to meet the terms of the warranty. It returned a verdict of no cause of action, which must have been on the basis of the utter worthlessness of the machine. Such a conclusion was clearly against the weight of evidence. If it was not suitable for the defendant's purposes, it still was of value to others. Of course, if the defendant had undertaken to sell it, he would have been selling a second-hand machine, which never brings the same price as a new machine. We think the verdict for this reason should be set aside, unless the defendant stipulates to indorse thirty dollars on the judgment for costs which he has or may enter in this action.

If such a stipulation is filed and served, the motion for a new trial is denied, otherwise granted.

Ordered accordingly.