GEORGE H. FISH, Appellant, *v.* KATHERINE M. CONLEY, Respondent.

Third Department, November 17, 1927.

**Pleadings — counterclaim — action by physician to recover value of services — counterclaim for malpractice, barred by Statute of Limitations (Civ. Prac. Act, § 50), cannot be pleaded — Civil Practice Act, §§ 61 and 266, subd. 1, applied.**

A counterclaim based on malpractice of a physician which is barred by the Statute of Limitations (Civ. Prac. Act, § 50) cannot be interposed in an action by the physician to recover the reasonable value of his services.

39

The provisions of subdivision 1 of section 266 of the Civil Practice Act, to the effect that a counterclaim may be interposed which is based on a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action, are to be read in connection with section 61 of the Civil Practice Act, which provides that a cause of action other than for the recovery of real property upon which an action cannot be maintained, cannot be interposed as a defense or counterclaim.   The proper construction of those sections deprives the defendant of the right to interpose in an action on contract a counterclaim based on tort that is barred by the Statute of Limitations.

APPEAL by the plaintiff, George H. Fish, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 6th day of May, 1927, denying plaintiff's motion to dismiss the third counterclaim in the answer.

*Brackett & Eddy* [*Robert Oliver* and *Francis E. Dorsey* of counsel], for the appellant.

*Rowe & Walsh* [*A. F. Walsh* of counsel], for the respondent.

COCHRANE, P. J.   The plaintiff, who is a physician, brings this action to recover the value of medical services rendered by him to the defendant between the 1st day of March, 1924, and the 17th day of February, 1925, alleging the reasonable value of such services to have been $303, of which only $25 has been paid. The defendant in the third counterclaim of her answer alleges malpractice by the plaintiff in the performance of such services and claims damages against him by reason of such malpractice in the sum of $2,000.   The ground of the motion to dismiss the counterclaim is that it is barred by the Statute of Limitations.

An action for malpractice is required to be commenced within two years after the cause of action accrued.   (Civ. Prac. Act, § 50.) The defendant, therefore, could not maintain an action for the malpractice which she has alleged in her said counterclaim.   Section 61 of the Civil Practice Act provides as follows: "A cause of action other than for the recovery of real property, upon which an action cannot be maintained as prescribed in this article, cannot be effectually interposed as a defense or counterclaim."

Notwithstanding this unequivocal language of said section 61, the defendant although admitting that she could not maintain an independent action for the malpractice contends that when the counterclaim consists of a " cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with. the subject cf the action," as provided in subdivision 1 of section 266 of the Civil Practice Act, such counterclaim may be interposed to the cause of action

alleged by the plaintiff. In making that contention defendant relies on the cases of *Herbert* v. *Day* (33 Hun, 461) and *Maders* v. *Lawrence* (49 id. 360). When those cases were decided, section 397 of the Code of Civil Procedure was in force in substantially the same language as section 61 of the Civil Practice Act. Both those cases were decided independently of the statute. If the courts had the statute in mind it is difficult to understand the omission to make reference thereto because it contained at least some suggestion bearing pertinently on the question under discussion. However, we think those cases are distinguishable from the one we are now considering. The present counterclaim consists of a tort. In each of the cases mentioned it was " for a breach of the same agreement by the plaintiffs." The counterclaim together with the cause of action alleged in the complaint constituted " the several parts of an entire contract." The counterclaims in those cases not only arose out of the contracts of the plaintiffs but were parts of those contracts. The plaintiff in each of those actions was attempting to sever the contract and to enforce part and repudiate the balance. It was simply held that the contract must be enforced in its entirety. The plaintiff was not at liberty to divide the contract and enforce a portion thereof favorable to himself but was required to stand or fall on the entire contract. In the *Herbert* case the court said: " The rule to be applied is similar to that observed before the enactment of either Code, which allowed a party, who was liable on one portion of a contract, to protect himself by the allowance of damages sustained by himself through the default, in failing to perform another part of the same agreement, of the other contracting party (*Batterman* v. *Pierce*, 3 Hill, 171)." And in the *Maders* case, an action on a promissory note where the counterclaim consisted of a breach of warranty in the contract which gave rise to the note, it was said: " The giving of the promissory note in suit constituted but part of the transaction, as the contract which gave rise to such note also included the warranty in question, * * * and the defendant assailed the same [plaintiff's cause of action] upon the ground that in the contract, and as a part thereof, the plaintiff " made the warranty.

Moreover the question in the cases cited was not a question of pleading as in this case but a question of evidence. The evidence was properly received not as establishing a counterclaim but as establishing a breach of contract by the plaintiff. The plaintiffs in those actions had not performed their agreements and for that reason were not entitled to recover. Thus in the *Herbert* case it was said: "As they [plaintiffs] had performed it [their agreement], their action was to be maintained or defeated. They could only

insist upon their right to remuneration as they had performed their agreement." And in the *Maders* case it was said: " The defense is merely resorted to as an attack upon the consideration of the obligation, which is the subject of the action." In the case under consideration the defendant under the denials of her answer may prove the malpractice she alleges in answer to the allegation of the plaintiff as to the reasonable value of his services. And so in the cases cited all that was in effect decided was that facts alleged as counterclaims were properly proved independently of the manner in which they were pleaded.

It is argued that section 61 gives the plaintiff an unfair advantage because it enables him to prosecute his cause of action although a counterclaim in favor of the defendant arising out of said cause of action is barred by the statute and that said section 61 should, therefore, be limited to counterclaims provided for in subdivision 2 of section 266 of the Civil Practice Act. Said section 61 presents its own answer to that contention. Its phraseology could not be more comprehensive. It not only outlaws a counterclaim but also a " defense." A cause of action barred by the Statute of Limitations cannot be interposed as a *defense* or counterclaim. The word " defense " is more peculiarly applicable to causes of action specified in subdivision 1 of section 266 than to those mentioned in subdivision 2 thereof. The language of section 61 is sweeping and the intent thereof seems fairly to have been to outlaw all defenses or counterclaims pleaded as such which could not be the subject of an affirmative action.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN KIRK, HINMAN, McCANN and DAVIS, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.