THOMAS J. DUGGAN and Another, Plaintiffs, *v.* HERBERT LUBBIN, Defendant.

Supreme Court, New York County, November 30, 1927.*

**Limitation of actions — action on instrument executed in Quebec without seal — instrument is simple contract in this State and six-year Statute of Limitations applies — thirty-year Statute of Limitations applies in Quebec — limitation of action is to be determined by laws of this State — Civil Practice Act, §§ 13, 55, do not lengthen term of our statute as to causes of action arising outside of State.**

This action is brought upon an instrument executed in the Province of Quebec on July 15, 1912, which is the equivalent of a bond and mortgage in this State. But the instrument is without seal, and, therefore, it is a simple contract and the six-year Statute of Limitation applies.

The limitation of actions brought in this State is governed by the law of the State and not by the law of the place where the contract was made.

---

* See, also, *Kirsch* v. *Lubin* (131 Misc. 700).

The period of limitation in Quebec is thirty years. Section 13 of the Civil Practice Act, which relates to the limitation of actions where the cause of action arises outside the State, will not be construed to lengthen the term of our statute but to provide additional limitations. Likewise, both sections 13 and 55 of the Civil Practice Act evince a purpose to aid a non-resident defendant by giving him the benefit, under certain conditions, of the shorter term of limitation in the State where the cause of action arises, but neither section shows an intent to grant favors to non-resident plaintiffs and to give them advantages beyond those enjoyed by residents in this State.

Accordingly, the six-year statute of this State and not the thirty-year statute of the Province of Quebec applies to this cause of action, and it is barred.

MOTION to dismiss complaint upon the ground that it is barred by the Statute of Limitations.

*Eugene L. Garey [Samuel H. Kaufman* of counsel], for the plaintiffs.

*Harry G. Kosch [ Nathan Burkan* of counsel], for the defendant.

McGOLDRICK, J. The basis of this action is an instrument executed in the Province of Quebec on July 15, 1912, and referred to as a notarial deed of sale and " hypothec." It is the equivalent of our bond and mortgage. The period of limitation for such an instrument in such Province is thirty years; and, if it is to be treated as a specialty in the State of New York, this action is not yet barred under our twenty-year Statute of Limitations. (Civ. Prac. Act, § 47.) It bears no seal, however, which may be ascribed to the historical fact that the Province of Quebec was settled by the French and after the English had taken it over the French law, which knew no seal, continued to prevail.

The limitation of suits must be governed by the *lex fori* and not by the *lex loci contractus.* It logically follows, therefore, that such deed and " hypothec " must be regarded as a simple contract, which, tested by our law, is barred by the six-year Statute of Limitations. (*Bank of the United States* v. *Donnally,* 8 Pet. 361; *Andrews* v. *Herriot,* 4 Cow. 508.)

In this situation plaintiffs seek refuge in sections 13 and 55 of the Civil Practice Act, both of which recognize foreign Statutes of Limitation under certain conditions. Granting their contention to be correct, then the Quebec thirty-year period of limitation has not run and this action is enforcible.

Unquestionably the action arose in Quebec and when the parties were there resident. Defendant is now a resident of this State and has been such for ten years. The question of his absence from the jurisdiction during the time the statute was running is not here involved. It is undisputed that this action could not be maintained after the expiration of the foreign period of limitations. But

does this imply that it can be brought before such expiration and at a time when under New York law it would be barred?

I am of opinion that the policy of the law in giving some recognition to foreign Statutes of Limitations was not to lengthen the term of the New York statute but to provide *additional* limitations. If this be true, then section 13 of the Civil Practice Act, which was formerly section 390-a of the Code of Civil Procedure, must be read as barring, in any event, an action which is outlawed by the laws of this State. Section 13 reads as follows: " Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws of a state or country where the cause of action arose, for bringing an action upon such cause of action, except where the cause of action originally accrued in favor of a resident of this State."

The leading case on the subject in New York is *Isenberg* v. *Rainier* (145 App. Div. 256, 258), where Mr. Justice SCOTT said: " The effect of section 390-a of the Code of Civil Procedure is not to substitute the foreign Statute of Limitations for our own, but to impose it as an additional limitation. Thus an action, whether by a resident or non-resident, *must* be brought within the time limited by our general Statute of Limitations; and, if it arose in a foreign State in favor of a non-resident, it *cannot* be brought after the time limited by the laws of the State in which the cause of action arose. Thus a resident of this State, if not protected by the laws of the State in which the cause of action arose, by reason of his continued absence from that State, may still claim the protection of our own Statute of Limitations." (See, also, *Dalrymple* v. *Schwartz*, 177 App. Div. 650; *Dodge* v. *Holbrook*, 107 Misc. 257, 260.)

Plaintiffs insist that what was stated in the *Isenberg* case is dictum and in conflict with an expression of the Court of Appeals in *Jacobus* v. *Colgate* (217 N. Y. 235, 245), where Judge CARDOZO, referring to section 390-a of the Code of Civil Procedure, makes this statement: " It incorporates into our law the period of limitation of the State where the cause of action arose, but only when the cause of action did not originally accrue in favor of a resident of this State."

This comment, even if it supports plaintiff's view, is also dictum; but, as a matter of fact, it does not necessarily or by reason lead to the conclusion that Judge CARDOZO meant that the foreign Statute of Limitations was incorporated bodily into our law. Besides, it is not always safe to draw inferences from isolated sentences. In the *Isenberg* case, too, the court said: " So that if the present action would be barred in Connecticut it is barred here.

If it would not be barred in Connecticut it is not barred here."
This quotation might by analogy lead to the inference that the
foreign period is substituted in place of our own, but the next
paragraph of that very opinion indicates that this is not the mean-
ing to be given to that expression, the court plainly expressing the
view that section 390-a only imposed an *additional* limitation and
did not substitute the foreign statute for our own.

Section 55 of the Civil Practice Act reads: " Where a cause of
action, which does not involve the title to or possession of real
property within the state, accrues against a person who is not then
a resident of the state, an action cannot be brought thereon in a
court of the state against him or his personal representative after
the expiration of the time limited by the laws of his residence for
bringing a like action, provided that if the limitation of the time
fixed by the laws of his residence for bringing such action be less
than the time fixed by the laws of this state for a like action, the
limitation fixed by the laws of this state shall apply."

As the Court of Appeals has explained in *National Surety Co.* v.
*Ruffin* (242 N. Y. 413), it is defendant's privilege to avail himself
of this section even though he is barred by the other. Unless,
therefore, section 55 distinctly raises the bars by giving plaintiff
non-residents the advantage of the foreign period of limitations, it
will not avail.

Should these provisions be construed to mean that if the foreign
period is shorter the New York period shall apply, but if the foreign
time is longer then it shall prevail over the New York period? Such
an interpretation does violence to the language used. Both sections
13 and 55 evince a purpose to aid a non-resident defendant by
giving him the benefit in certain cases of the shorter term of limi-
tation of the State where the cause of action arises. To a certain
extent they also show a purpose to extend favors to the resident
plaintiffs even though the cause of action arose outside of the State.
But nowhere is there any evidence of legislative intent to grant
any favors to non-resident plaintiffs, and to give them advantages
beyond those enjoyed by residents.

Lastly, whether or not, as urged by plaintiffs, the law of Quebec
prescribes such thirty-year period by way of extinguishment of
the right of action or by way of limitation has no instant applica-
tion. (Wood Lim. [4th ed.] § 8.) Here the right is still alive.
Such a rule operates only where the right in the foreign country has
actually been extinguished.

Motion granted.