Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.   Not sitting: CRANE, J.

---

ISAAC MEYERS, Respondent, *v.* THE ANWAL REALTY CORPORATION, Appellant.

*Contract — brokers — commissions — action to recover broker's commissions on sale of real property — defense that plaintiff was not a broker and had not been employed as such.*

*Meyers* v. *Anwal Realty Corp.*, 222 App. Div. 65, affirmed.

(Argued June 18, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 13, 1927, affirming a judgment in favor of plaintiff entered upon a verdict.   The action was to recover broker's commissions upon a sale of real property belonging to defendant.   The defense was that plaintiff was not a real estate broker and that there was no employment of him by defendant as such.

*H. M. Schaap* for appellant.
*Samuel Meyers* and *Morse S. Hirsch* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.   Not sitting: CRANE, J.

---

SIMON KIRSCH, Appellant, *v.* HERBERT LUBIN, Respondent.

*Limitation of actions — action accrued in Canada against defendant, a then resident — removal of resident to this State — New York Statute of Limitations applicable.*

*Kirsch* v. *Lubin*, 223 App. Div. 826, affirmed.

(Argued June 18, 1928; decided July 19, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 13, 1928, unanimously affirm-

ing a judgment in favor of defendant entered upon an order of Special Term, granting a motion, by defendant, for a dismissal of the complaint on the ground that the cause of action was barred by the Statute of Limitations. The cause of action on contract, not under seal, accrued in 1914 in favor of plaintiff's assignor, a Quebec corporation, against defendant, a then resident of Canada. In 1916 defendant moved to this State and has since resided here. It was alleged that the action would not be barred in Quebec. The question was whether the New York or Quebec statute applied.

*Otto A. Gillig* and *Ralph Stout* for appellant.

*I. Maurice Wormser* and *Nathan Burkan* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: CRANE, J.

---

THOMAS SEXTON, Respondent, *v.* EQUITABLE LIFE ASSUR-ANCE SOCIETY OF THE UNITED STATES, Appellant.

*Insurance (life) — action on policies — defenses of false representations, release and accord and satisfaction — summary judgment should not be granted where questions of fact are presented.*

*Sexton* v. *Equitable Life Assurance Society,* 223 App. Div. 738, reversed.

(Argued June 19, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 3, 1928, affirming a judgment in favor of plaintiff entered upon an order of Special Term granting a motion by plaintiff for summary judgment. The action was to recover upon two policies of life insurance. The answer set up affirmative defenses of false representations, release and accord and satisfaction. The motion was granted on the ground that the defenses were clearly insufficient in view of the " incontestable " clause of the policies.