MICHAEL P. KOSOLAPOV, Plaintiff, *v.* RUSSO-ASIATIC BANK, Defendant.

Supreme Court, Queens County, July 12, 1932.

*Borris M. Komar*, for the plaintiff.

*Evarts, Choate, Sherman & Leon [Maurice Leon* of counsel], for the defendant.

HUMPHREY, J. This is a motion to dismiss the two causes of action in the amended complaint on the ground that each is barred by the six-year Statute of Limitations.

Some of the facts relating to this rather protrated litigation are as follows: The action was brought originally by one James A. Tillman upon three causes of action set forth in the complaint. The third cause of action therein set forth is alleged to have been assigned to Tillman by Michael P. Kosolapov, and is the one here involved. One of the other causes of action was based upon a claim also assigned to Tillman by a third party. The action was begun by Tillman on or about September 16, 1927. Defendant appeared generally in the action and thereafter, upon its motion, the action was removed to the Federal court for the Eastern District of New York on the ground of diversity of citizenship. In April, 1930, the third cause of action, being the one here involved, by order of the Federal court, was severed from the two other causes of action. Subsequently, upon motion made and granted, Kosolapov obtained his substitution as plaintiff in place of Tillman on the ground that he was the real party in interest. After this substitution the said severed cause of action proceeded to trial and, as I understand, resulted in a verdict in favor of the plaintiff. This decision was rendered on or about June 17, 1931. It seems that thereafter and on July 7, 1931, in an appeal which had been taken in the other action, the United States Circuit Court of Appeals handed down a decision to the effect that the Federal court had no jurisdiction of an assigned cause of action where both the assignor and the defendant were aliens. Thereupon, as a result of this decision, the defendant moved that the verdict in favor of Kosolapov be vacated and set aside. The court granted the motion and at

the same time remanded the action to the Supreme Court for further proceedings in the county of Queens. Since Kosolapov had theretofore been substituted as plaintiff in place of Tillman, as aforesaid, the order of remand was entitled in the name of Kosolapov as plaintiff. Thereafter defendant moved in this court, upon order to show cause, to dismiss the said cause of action on the ground, among others, that it was barred by the Statute of Limitations. The papers on this motion were entitled in the name of Kosolapov as plaintiff. The motion came on to be heard before a justice of this court who decided in substance that since the Federal court never had jurisdiction of the action, as decided by the United States Circuit Court of Appeals, it was without power to make the order of substitution aforesaid, with the result that that order was a nullity. He further decided that if the order of remand was effective for any purpose, it must be deemed to have remanded the action as originally brought by Tillman and that such action, in which Tillman was named as plaintiff, was the only action of which this court could take cognizance. Therefore, the motion was denied, without prejudice. Presumably as a result of this decision Kosolapov thereafter was legally substituted as plaintiff in place of Tillman. Thereafter defendant again moved upon order to show cause returnable May 12, 1932, for an order dismissing said third cause of action under rule 107 of the Rules of Civil Practice on the ground that it was barred by the six-year Statute of Limitations, and for an enlargement of the time to so move. After the service of this order to show cause plaintiff attempted to serve an amended complaint, which defendant refused to receive. When the order to show cause came on to be heard it was decided that, by virtue of section 244 of the Civil Practice Act, plaintiff as a matter of right was now entitled to have his amended complaint received. The motion was, therefore, denied and defendant directed to receive the amended complaint. Thereupon defendant made the present motion.

Defendant's claim, in substance, is that the third cause of action in the original complaint is set forth as the first cause of action in the amended complaint, with additional allegations which are effective to change the cause of action as originally alleged into a new cause of action; that this was done for the purpose of avoiding the six-year Statute of Limitations, and that such procedure for such a purpose is not permissible. Therefore, a brief examination of the original and amended complaints seems necessary. The third cause of action in the original complaint alleges an agreement in writing made on or about February 12, 1919, whereby defendant sold and plaintiff purchased $100,000 in United States currency, to be delivered on demand in the city of Vladivostok, Russia, on or before

May 12, 1919, upon payment thereafter by plaintiff in Russian rubles as therein specified; that plaintiff made the last payment of rubles as required by the contract on or about April 20, 1919; that, therefore, plaintiff duly demanded the delivery of said United States currency, but defendant failed and refused to deliver said dollars or any part thereof. Since the prayer demands judgment for $100,000, with interest thereon from May 12, 1919, it is a fair inference that the demand was made on or before that date. If these allegations be true, it seems clear that defendant was in default on May 12, 1919, the cause of action accrued on that day, and since the summons was not served until the fall of 1927 the action would be barred by the six-year Statute of Limitations. The allegations of the first cause of action in the amended complaint practically are identical with those above set forth in the original complaint with respect to the agreement of purchase and sale of the $100,000 in United States currency. The additional allegations not found in the original complaint are contained in paragraphs 6, 7 and 8, and are as follows: " 6. That on or about the 12th day of May, 1919, plaintiff duly demanded from the defendant at its said office in the said City of Vladivostok, Russia, the delivery of 100,000 dollars in United States currency, but the defendant failed to deliver the same, and requested the plaintiff to postpone the date of said delivery until said moneys be received by it from the United States, and assured the plaintiff that said moneys were then on the way from the United States to said City of Vladivostok, Russia.

" 7. That plaintiff granted said request of the defendant and agreed to postpone the delivery of said $100,000 and thereafter, by mutual consent of the plaintiff and the defendant, said date of delivery was further postponed from time to time until the month of October, 1921.

" 8. That on or about the 15th day of October, 1921, the plaintiff finally demanded from the defendant, at its office in said City of Vladivostok, Russia, the delivery of $100,000 in United States currency, and refused to grant any further postponement to the defendant for the delivery thereof, but the defendant failed and refused and still refuses to deliver said dollars or any part thereof."

And the 12th paragraph alleges that by reason of the premises plaintiff has been damaged in the sum of $100,000 in United States currency, with interest thereon from the *15th day of October, 1921.* These additional allegations plainly suggest the pleader's intention to allege defendant's breach as occurring on October 15, 1921, instead of May 12, 1919, for the express purpose of thereby avoiding the bar of the statute. In my opinion, these additional allega-

tions effected no change in plaintiff's rights or defendant's obligations as alleged in the original complaint. Defendant's refusal to make delivery on May 12, 1919, in accordance with plaintiff's demand, is unequivocally alleged in paragraph 6 of the amended complaint. This demand and refusal determined and fixed the rights of the parties as of that date. Defendant then was in default; its liability then was incurred and plaintiff's right of redress for defendant's breach then accrued. Plaintiff's right thus accrued and defendant's liability thus incurred were not affected or changed by a purported subsequent modification unsupported by any consideration.

The governing principle, it seems to me, is stated in *Weed* v. *Spears* (193 N. Y. 289, 293); *Metzger* v. *Ætna, etc., Co.* (229 App. Div. 2, 6); *Perlman* v. *East Annadale Beach Corp.* (233 id. 599, 601). In other words, the mutual promises to postpone the date of delivery as alleged in paragraph 7 were ineffective to change rights and obligations *already* fixed and determined by the *prior default*. If the amended complaint be deemed to allege a legally valid and enforcible agreement, made before *May 12, 1919*, and while the original contract was still executory, to postpone the date of delivery until October, 1921, then the contract set forth in the original complaint is not the contract sued upon in the amended complaint. A contract that cannot be breached before a demand made on October 15, 1921, is not identical with a contract that is breached by refusal to comply with the demand made on May 12, 1919. A *valid* postponement of the time of performance results in a *new contract* and it has been so decided. (*Hill* v. *Blake*, 16 J. & S. 253, 261, 262; *Clark* v. *Dales*, 20 Barb. 42, 64; *Norton* v. *Wales*, 1 Robt. 561, 568; 1 Williston Cont. § 591.) If I am correct in this conclusion, when the action was commenced on September 16, 1927, on the agreement set forth in the original complaint, the statute ceased to run as against that cause of action, but it continued to run against every other cause of action not therein set forth. Therefore, the statute began to run against such new cause of action from the date of its accrual on October 15, 1921, and continued to run until that cause of action was set forth in the amended complaint, and when that was done the statute was a bar. (*Harriss* v. *Tams*, 258 N. Y. 229, 239, 242.) The *Harriss* case it seems to me justifies the assertion that the additional allegations of the amended complaint did more than merely expand or amplify " what was alleged in support of the cause of action already asserted." These additional allegations did more than invoke a different form of relief or a different remedy predicated upon the same facts. As already stated, they purported to substitute a cause of action essen-

tially different from the one previously asserted. The subject-matter of the two causes of action may be practically identical, but the contractual rights and duties relating thereto as set forth in the two causes of action are materially different. It was permissible for plaintiff to so substitute a new for an old cause of action, but he could not thereby prevent defendant from interposing the Statute of Limitations as a defense. (*Harriss* v. *Tams, supra.*) This case it seems to me clearly states the rule, explaining and distinguishing prior cases.

In my opinion the ten-year Russian Statute of Limitations, although pleaded, is not available to the plaintiff. In certain circumstances foreign Statutes of Limitations are accorded limited recognition in this State. Such statutes are generally deemed to be in the nature of additional limitations. Such for instance is the character of section 13 of the Civil Practice Act. Under that section a cause of action arising in a foreign jurisdiction in favor of a non-resident cannot here be enforced against a non-resident defendant after the expiration of the period prescribed by the statute of the country where the action accrued. But if such cause of action originally accrued in favor of a resident plaintiff, he is entitled to invoke the local statute, if it prescribes a longer period. To this extent a resident plaintiff is favored, but as I read the cases, an action accruing in a foreign jurisdiction, whether brought by a non-resident or by a resident plaintiff, in any event must be begun within the period prescribed by our statute. In no event is a non-resident plaintiff suing on a cause of action accruing in a foreign jurisdiction entitled to the benefit of a foreign statute if it prescribes a longer period than ours. (*Isenberg* v. *Rainier,* 145 App. Div. 256; *Duggan* v. *Lubban,* 131 Misc. 154; *Kirsch* v. *Lubin,* Id. 700, 707; affd., 223 App. Div. 826; 248 N. Y. 645; *Nat. Surety Co.* v. *Ruffin,* 242 id. 413, 417; *Kahn* v. *Commercial, etc., Inc.,* 227 App. Div. 82.) In the case of a resident plaintiff, section 55 is qualified by the provisions of section 19, and the action may be brought by such resident plaintiff against a non-resident defendant within six years after his entry into the State. (*Nat. Surety Co.* v. *Ruffin, supra.*) But even this rule is not applied where as here both plaintiff and defendant were non-residents when the action accrued. In such a case it was held, distinguishing *Nat. Surety Co.* v. *Ruffin,* that " it would lead to a practical absurdity were we to hold that where both parties to an action are non-residents at the time of the accrual of the right of action in favor of one of them and which accrued without the jurisdiction, that the six-year Statute of Limitations would not start to run until the non-resident defendant had come into this jurisdiction." (*Garrison* v. *Newman,*

222 App. Div. 498, 501; *Kirsch* v. *Lubin, supra,* 709, 710; 2 Carmody Prac. § 474.) Under these cases it seems to me that a defendant is entitled to invoke the foreign statute if it be shorter than ours, but in no event is a plaintiff entitled to invoke the foreign statute if it be longer than ours. In any event, the action must be brought within the period prescribed by our Statute of Limitations.

With respect to the second cause of action, I understand plaintiff's contention to be that the transaction there involved is precisely the same as the transaction set forth as the basis of defendant's counterclaim as contained in its original answer. Plaintiff, therefore, asserts that the second cause of action is not barred because the counterclaim was not barred when interposed, that when the statute ceased to run against the pleaded counterclaim it also ceased to run against any cause of action upon which the said counterclaim was based. I am not able to find any statute or decision which clearly supports this contention. The counterclaim is based upon the theory of a loan. The second cause of action clearly is based upon the theory of a conversion and, therefore, sounds in tort. If the matters set forth in said counterclaim had been pleaded as a cause of action in a complaint, the matter here pleaded in the second cause of action, which sounds in tort, could not have been interposed as a counterclaim after the statute had run against it. (*Fish* v. *Conley,* 221 App. Div. 609.) In the *Fish* case the court comments on *Herbert* v. *Day* (33 Hun, 461), relied upon by plaintiff. To the same effect is *Garben* v. *McKittrick* (225 App. Div. 772). The statute and the above decisions seem to declare the legal policy of our State. The second cause of action is barred by the terms of an express statute. A contention that the bar of that statute is removed as to such action because in another action defendant has interposed a counterclaim arising out of the same transaction must find support in a statute or a decision which expressly so declared, and I do not find such a statute or such a decision.

This motion presents for determination only questions of law. Both causes of action, in my opinion, are barred by the statute. No facts are set forth in the opposing affidavits which may have interrupted the running of the statute. The motion is granted.