ENGLANDER SPRING BED COMPANY, Appellant, v. LENYGON & MORANT, INC., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

VINCENZO FASANO, Respondent, v. RUBEL CORPORATION, Appellant.— Order granting plaintiff's motion for a preference affirmed, with fifty dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.

AUSTIN HERZELL, Appellant, v. "ALFRED" TYLER SMITH (the Name "Alfred" Being Fictitious, Defendant's First Name Being Unknown to Plaintiff), Respondent.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Kapper and Carswell, JJ., concur; Scudder and Davis, JJ., dissent on the ground that there was an issue of fact which should have been submitted to the jury.

In the Matter of the Petition of GRACE CINA to Prove the Last Will and Testament of SAM CINA, Late of the County of Queens, Deceased. ANNA C. MALTESE and Others, Appellants; GRACE CINA, Respondent.— Order of the Surrogate's Court of Queens county granting motion to vacate notice of examination before trial affirmed, without costs. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.

MICHAEL P. KOSOLAPOV, Appellant, v. RUSSO-ASIATIC BANK, Respondent.— Order directing judgment and judgment entered thereon reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, the first cause of action in the amended complaint is in substance the same as that alleged in the original complaint, and since both parties are non-residents, and the cause of action arose in Russia, the State Statute of Limitations is not a bar to the first cause of action. At the time of the commencement of this action the general Russian Statute of Limitations of ten years had not run. (*Meyers* v. *Credit Lyonnais*, 259 N. Y. 399.) The second cause of action was not asserted until more than ten years after it had accrued; but in our opinion there is a question of fact as to whether the general Russian statute as interpreted by Russian law applies and such question can only be determined on the trial. The effect of the counterclaim interposed by the defendant to the original complaint upon the Statute of Limitations is not determined because there now exists no such counterclaim. Order denying plaintiff's motion to compel defendant to pay costs stipulated in the Federal court, and for a stay, etc., affirmed, without costs. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. [144 Misc. 499.]

SAMUEL J. MITTELMAN, Appellant, v. PRISCO & SOVERIO, INC., and Others, Respondents, Impleaded with SOL CHAIKEN and Others, Defendants.— Judgment in so far as appealed from unanimously affirmed, with costs. No opinion. The decision herein must be superseded by a properly drawn decision which will set out the facts found in a manner conforming to the usual practice; that is, the facts should not be incorporated in the decision by reference, but the self-same facts should be set out directly and specifically in the decision. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ. Settle order on notice.

MARGARET MUND, Respondent, v. JOSEPH SEVERINO, Appellant.— Order setting aside verdict in plaintiff's favor unless defendant stipulate to increase it to $2,500 unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.