TITLE GUARANTEE AND TRUST COMPANY, as Sole Surviving Executor of and Trustee under the Will of JOHN I. D. BRISTOL, Deceased, Respondent, v. HAMILTON HICKS, Appellant, et al., Defendants.— In an action brought on October 3, 1952, to foreclose a purchase-money mortgage, the complaint alleges that defendant Hicks is in default in the sum of $479.67 principal, plus certain interest and taxes. Paragraphs "Eighth" through "Nineteenth" of the amended answer set forth, as a defense, setoff and counterclaim, that the agreement whereby plaintiff contracted to sell the property to defendant Hicks made on January 11, 1938, provided that plaintiff would convey an easement on a proposed road shown on a map and would improve such road at its own expense on or before April 1, 1938; that on the closing day, February 25, 1938, plaintiff delivered a deed containing said covenant relating to the road, and defendant Hicks in return gave the mortgage in question, which contains no reference to said covenant, and paid the balance of the purchase price in cash; that the time for plaintiff to improve said road was extended by consent to the end of the year 1942; that plaintiff never performed the work and that defendant Hicks was obliged to do it at a cost of at least $1,000, wherefore said defendant asks for judgment (a) dismissing the complaint, (b) awarding him damages, (c) requiring plaintiff to deliver to him a satisfaction of the mortgage, and (d) adjudging said mortgage to be satisfied and discharged of record. Special Term granted plaintiff's motion to dismiss the counterclaim set forth in the aforesaid paragraphs of the amended answer on the ground that it is barred by Statute of Limitations, and to dismiss the defense contained in said paragraphs for insufficiency. Defendant Hicks appeals. Order modified on the law by striking from the second ordering paragraph everything beginning with the word "granted" and by substituting in place thereof the word "denied". As so modified, the order is unanimously affirmed, with $10 costs and disbursements to appellant. Section 61 of the Civil Practice Act, which applies the bar of limitations to a course of action pleaded as a defense or counterclaim, does

not apply to a plea for equitable recoupment which is urged in the form of a defense. (*Kelly Asphalt Block Co.* v. *Brooklyn Alcatraz Asphalt Co.*, 190 App. Div. 750, mod. 232 N. Y. 304; *Long Beach Trust Co.* v. *Warshaw*, 264 N. Y. 331, 334; *Herbert* v. *Day*, 33 Hun 461; *Maders* v. *Lawrence*, 49 Hun 360; *Marsh* v. *Richer*, 68 Misc. 587; 1 A. L. R. 2d 630–705.) Defendant Hicks, however, may not obtain affirmative relief against plaintiff, by way of counterclaim, for any balance proven in said defendant's favor, because, as a recoupment, his claim may only serve to abate, in whole or in part, plaintiff's demand. (*Fish* v. *Conley*, 221 App. Div. 609; *Batterman* v. *Pierce*, 3 Hill 171; 4 Carmody-Wait on New York Practice, pp. 439–440; 1 A. L. R. 2d 630, 666, 695; 34 Am. Jur., Limitation of Actions, § 64.) Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ. [See *post*, p. 874.]