Harry W. Davis, J.
In this proceeding landlord seeks a final order based upon the nonpayment of rent for the period from September, 1969 through February, 1970 at the rate of $42.59 per month, making in all the sum of $255.54. Tenant does not dispute the period involved or the sum claimed. It is urged, instead, by way of counterclaim that the tenant has been overpaying rent since April, 1967 (when she first went into possession) and that the total of such overpayments is $205.03. She claims this sum or, alternately, treble damages pursuant to subdivision e of section Y51-11.0 of the Administrative Code of the City of New York because the landlord failed to show that he did not act willfully or that he took the practical precautions prescribed by the code to avoid the overcharge.
When the tenant moved into the apartment in April, 1967 the landlord installed a new stove, sink, and refrigerator. The tenant signed a lease which provided for an increase over the old rent. She also signed a report of lease which included the authorized increases for the new lease and the new equipment.
Through inadvertence the report of lease was not filed with the city rent office. The old rent was $40.25. The landlord nevertheless collected the new rent which should have been the sum of $55.28. While it is true that the new rent agreed upon was not effective, still there is enough to show that the overcharges were not willful. Had the landlord filed the report of lease, it is quite likely that it would have been approved. The tenant did get the new equipment and the lease. Any claim for treble damages must therefore be denied.
The tenant claims, however, that she is in any case entitled to recover all the overpayments back to April, 1967 even though the Administrative Code provides for only a two-year carryback. She claims that, under CPLR 203 (subd. [c]), a counterclaim u is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed. ’ ’
We are told in the Practice Commentary (McKinney’s Cons. Laws of N. Y„, Book 7B, CPLR 203, p. 82) in the CPLR that this section merely “ codifies the doctrine of equitable recoupment, which has apparently been the law of New York. Maders v. Laurence, 1855, 49 Hun 360, 2 N. Y. S. 159; Title Guarantee and Trust Co. v. Hicks, 1954, 283 App. Div. 723, 127 N. Y. S. 2d 776.”
The right to recover overpayments is a creature of the rent control statutes. (Emergency Price Control Act of 1942, § 205, subd. [e]; IT. S. Code, tit. 50, Appendix § 925, subd. [e], which was superseded by the Housing and Rent Act of 1947 as amd. *328 U. S. Code, tit. 50, Appendix § 1881 et seq. The Housing and Bent Act of 1947 was in turn superseded on May 1, 1950, by the Emergency Housing Bent Control Law of the State of New York, L. 1946, ch. 274, as amd. by L. 1950, ch. 250, and this was eventually superseded by Local Laws, 1962, No. 20, which added title Y to the Administrative Code of the City of New York and became known as the City Bent and Behabilitation Law.) While originally the statutes provided for a recovery of overpayments for a period of only one year, it was eventually changed to a period of two years. This is a statutory remedy and was not known in the common law.
“ Generally where a statute creates a cause of action which was unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy.” (Osbourne v. United States, 164 F. 2d 767, 768.)
In R & B Realty Corp. v. Plummer (100 N. Y. S. 2d 313, 314) the Appellate Term, First Department held that “the filing of the complaint within the prescribed period is a condition precedent to recovery and the cause of action is extinguished after the running of the period. ’ ’
In Paray Realty Corp. v. Goodwine (194 Misc. 538, 539) the Appellate Term, Second Department in an overcharge case stated: “ Furthermore, with respect to the various counterclaims based upon alleged overcharges in rent, it is noted that any possible right of action predicated thereon accrues on the date of the overcharge and that suit must be brought within one year after the date of violation”.
I am satisfied that a counterclaim based on overcharges of rent does not fall within the doctrine of equitable recoupment since it is not merely barred, but is in fact extinguished by the passage of time.
I have read the opinion in the case of Babusis v. Klein (L/T 46074-1966), but I am not persuaded by the conclusions there reached by the learned court.
If that decision is correct, tenant can revitalize an extinguished claim for overcharges by the simple expedient of withholding current rent. This would be certain to bring a summary proceeding and, of course, the tenant could then assert his expired claim as a counterclaim. A tenant could thus recover overcharges at any time after the violation no matter the length of time — 5 years or 10 years or perhaps longer.
I do not believe that to be the intent of CPLB 203 (subd. [c]), nor do I believe that the CPLB intended to extend the time pro *329 vided in the Administrative Code for this type recovery. “ Extinguishment connotes the end of a thing, precluding the existence of future life therein.” (Black’s Law Dictionary.)
This proceeding was commenced in February, 1970. The tenant is entitled to recover on her counterclaim from February, 1968. It is agreed that this sum is $90.79. The landlord is therefore entitled to a final order for the amount claimed less this sum.
Final order for the landlord accordingly.