Cooke, J.
(dissenting). I concur in the reasoning of the majority to the extent that it holds that, were it to reach the landlord’s counterclaim, an arbitrator would have the power under a broad arbitration clause to grant the landlord’s claim for reformation. I dissent, however, because, I submit, the Statute of Limitations should not be applied to bar the landlord’s "Fifth Defense” in arbitration.
With respect to counterclaims, the relevant portion of the statute provides: "if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the *796 claims asserted in the complaint were interposed.” (CPLR 203, subd [c].)
The above-quoted portion of the statute codifies the doctrine of equitable recoupment. The doctrine could be invoked under prior law, but the CPLR has expanded its application (see, generally, 35 NY Jur, Limitations & Laches, § 9, pp 487-488). Under prior law, a tort claim could not be interposed as a recoupment to a contract claim, even if both claims involved the same transaction (see Fish v Conley, 221 App Div 609; see, also, Garben v McKittrick, 225 App Div 772). This conceptual-ism has been eliminated so that a counterclaim of recoupment is permitted on any claim arising out of the same transaction (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 203, p 119). Moreover, recoupment does not depend upon any distinctions between defense, counterclaim, setoff and recoupment (1 Weinstein-Korn-Miller, NY Civ Prac, par 203.25, p 2-86).
The majority states that the landlord’s claim is not in the nature of recoupment, that it does not seek a recovery predicated on the same act or fact growing out of the tenant’s claim, but rather is (p 791) "a separate and distinct claim”. In support of its position, the majority adds that the tenant’s claim relates to (p 792) "performance under the contract”, but the landlord’s claim relates to (p 792) "negotiation and articulation * * * prior to its execution.” From this, the majority concludes that the claims do not arise out of the same transactions or occurrences. It is precisely this type of conceptualism that CPLR 203 (subd [c]) was intended to eliminate.
The words "same transaction or occurrence” should be broadly construed (see 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.25, p 2-86). The majority’s construction is too narrow. The tenant’s claims relate to whether the landlord computed additional rent in accordance with the lease; the landlord’s counterclaim relates to the question of what were the correct percentages to be used in computing such rent. Contrary to the view expressed by the majority, both claims arose from the same transaction—the negotiation of the terms of the lease. That the tenant claims overpayment resulting from the landlord’s acts after execution of the lease does not alter the fact that both claims relate to what the parties intended in their negotiations. The landlord’s claim is thus one for equitable recoupment and, if found valid by the arbitrators, should be allowed to the extent of the tenant’s claim (cf. Title Guar. *797 & Trust Co. v Hicks, 283 App Div 723). Accordingly, the Statute of Limitations should not be held to bar the landlord’s counterclaim in the arbitration proceeding.
Chief Judge Breitel and Judges Jasen and Wachtler concur with Judge Jones; Judge Fuchsberg concurs in result in a separate opinion; Judge Cooke dissents and votes to reverse in another separate opinion in which Judge Gabrielli concurs.
Order affirmed, with costs.