OPINION OF THE COURT
Arnold Guy Fraiman, J.
This is a motion by plaintiff American Bank and Trust Company (ABT) by the Federal Deposit Insurance Corporation (FDIC) as receiver, and the FDIC individually, for an order pursuant to CPLR 3211 (subd [a], par 7; subd [b]) dismissing the first and second affirmative defenses and the three counterclaims contained in defendant’s answer.
By its complaint ABT seeks to recover $200,000 on a promissory note which defendant admittedly executed and delivered to ABT on or about August 19, 1976. It is conceded by defendant that it thereafter defaulted on the note but it contends that its obligation on the note was fully discharged by certain commercial paper of the American Bank and Trust Corporation, ABT’s holding company, having a face value of $200,000, which it had deposited as security for repayment of the note. Defendant asserts as its first affirmative defense that ABT orally agreed to accept the commercial paper of the holding company (which soon after August 19, 1976 became worthless) in full payment and satisfaction of the note, and that it would not look to defendant for payment thereon.
Defendant is barred from assertion of this claim, which is contrary to the express language contained in the promissory note, by the doctrine expressed by the court in D’Oench, Duhme & Co. v FDIC (315 US 447). There the court held that one could not assert against the FDIC as receiver the invalidity of a note unconditional on its face, on the basis of a private oral agreement between the parties that the note would not be enforced. Similarly, subdivision (e) of section 1823 of title 12 of the United States Code provides that any agreement which tends to defeat the FDIC’s interest in any asset acquired by it as a lending corporation must be in writing to be enforceable. Accordingly, the motion to dismiss the first affirmative defense is granted.
*974 The second affirmative defense and the three counterclaims all are grounded in fraud. They allege in essence that defendant was dissuaded from redeeming the commercial paper it held and induced to sign the note in question in lieu thereof by reason of the knowingly false statements made by ABT concerning its and its parent corporation’s financial condition.
Plaintiff contends that these defenses are barred by subdivision 3 of section 619 and subdivision 4 of section 625 of the Banking Law because defendant failed to timely file a claim on this ground with the FDIC, which it argues is a prerequisite to asserting a defense against the FDIC as receiver. Subdivision 4 of section 625 of the Banking Law provides that no action shall be maintained against the FDIC as receiver unless the plaintiff alleges and proves that the claim on which the action was instituted was filed with the FDIC and that 80 days have elapsed and the claim has not been accepted. Subdivision 3 of section 619 of the Banking Law defines "action” as used in section 625 to include a defense, setoff or counterclaim. Although defendant concedes that it has never filed a claim with the FDIC with respect to the fraud asserted in its second affirmative defense and counterclaims, and that its time to do so has long since lapsed, it nevertheless argues that the doctrine of equitable recoupment, as codified in CPLR 203 (subd [c]), renders its claims viable. CPLR 203 (subd [c]) provides that if a defense or counterclaim arose from the transaction upon which the claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claim asserted in the complaint was interposed.
Plaintiff on the other hand contends that subdivision 3 of section 619 of the Banking Law serves as an absolute barrier to the assertion of a defense or counterclaim where no proof of claim has been filed with the FDIC, and that the doctrine of equitable recoupment is unavailable to defendant. Although no case has been found in which the availability of the equitable recoupment doctrine to a defendant who had not filed a claim pursuant to subdivision 3 of section 619 of the Banking Law has been passed upon, the issue has arisen in connection with former section 61 of the Civil Practice Act which contained the same language as subdivision 3 of section 619. The bill jacket for subdivision 3 of section 619 (L 1940, ch 418, § 10) indicates that it was derived from section 61. In Title Guar. & Trust Co. v Hicks (283 App Div 723), the court *975 specifically held that section 61 of the Civil Practice Act did not apply to a plea for equitable recoupment which was urged in the form of a defense. (See, also, Rochester-Genesee Regional Transp. Dist. v Trans World Airlines, 86 Misc 2d 1011, 1014.) On the basis of these decisions, the court holds that subdivision 3 of section 619 of the Banking Law is not a bar to the applicability of the equitable recoupment doctrine. Accordingly, inasmuch as the claims asserted in defendant’s affirmative defense and counterclaims arose from the transaction asserted in the complaint, and if true they allege a valid claim, the court will deny plaintiffs motion to dismiss them, except insofar as any recovery thereon exceeds the amount sought by plaintiff in its complaint.